LECOMPTE & WIFE v. WASH.

1. An affidavit, on a motion to set aside a judgment by default, stating that defendant was advised, &c. without stating that he was advised by *counsel*, is insufficient.
2. Such an affidavit must also show due diligence.

ERROR to the circuit court of St. Louis county.

*Mullanphy*, attorney for plaintiffs in error:

1st. It may be as well to consider firstly the error thirdly assigned, viz: that the court below erred in over-ruling the demurrer of plaintiffs in error to the second additional plea of Cozzens and Ames.

That second additional plea states as a bar to dower in the plaintiffs in error, that after the marriage of the said Cecile Lecompte with the deceased Antoine Bissett, and during the lifetime of the said Antoine, she, the said Cecile and one Hyacinthe Lecompte, compelled the said Antoine to leave the house, in which he the said Antoine, and the said Cecile lived together; and from that time until the death of the said Antoine, the said Cecile voluntarily lived in adultery with the said Hyacinthe.

It may be here observed that defendants pleaded adultery of said Cecile in several other pleas, which were denied, and issue taken on same by plaintiffs in error; but this being something so new and singular in its specifications, plaintiffs in error have thought proper to have its validity as a bar to dower tested, before they would answer it.

Under our law, see the act concerning dower, approved February 5th, 1825, 7th section. The only bar to dower stated there reads as follows: That if a wife voluntarily leave her husband and go away, and continue with an adulterer, or after being ravished, consent to the ravisher, she shall be disabled and forever barred, &c. from her dower.

So far as the error secondly assigned is concerned, plaintiffs in error rely upon the 37th sec. of Chap. 2nd of an act to regulate proceeding at law, approved February 12th, 1825. As to error fifthly assigned, plaintiffs in error rely upon the rules of practice of the circuit court of St. Louis county.

Statement of the case and opinion of the court, delivered by TOMPKINS, Judge.

Lecompte and wife filed their petition against Wash and others, in the circuit court of St. Louis county, pray-

ing an assignment of dower to the wife of lands alleged to be purchased by them of a former husband of the wife of Lecompte. Wash failing to appear at the return term of the writ, judgment by default was entered up against him.

At a subsequent term of the court, Wash came into court, and on affidavit made, succeeded in procuring an order of court to be made setting aside the judgment by default on his paying costs, and he had leave to come in and plead. To the decision of the circuit court in this instance, the plaintiffs excepted. Wash pleaded, and the plaintiffs failing to reply, a judgment was entered against them, and to reverse that judgment, the cause is brought here by a writ of error.

It is assigned for error, that Wash was permitted to come in and plead on the affidavit filed—which is in these words, viz: "that he has been advised, and believes that "he has a good and substantial defence to the plaintiffs "petition for dower, and that a short time before the com- "mencement of the term of this court, he visited the city "expressly for the purpose of employing counsel to file "the proper pleas in the cause, and was resting under the "belief that he had done so, and that the pleas had been "filed accordingly, until since the commencement of this "term, when he was informed that a judgment by default "had been taken against him. This affiant further states, "that the counsel to whom he intended to apply for the "purpose of having the proper pleas filed, and to whom "he thought he had spoken, states that no instructions "were given him to plead, or if so, they were not remem- "bered."

It is contended that the affidavit was insufficient,

1st. In not stating that the affiant was advised by counsel.

2nd. Because sufficient diligence had not been shown.

1st. The defendant, for appellee, in this court in sta- ting that he was advised, &c. seems to admit that on the occasion he stood in need of advice; and if the occasion were such as to require advice, he ought to have had the advice of counsel, and it ought to have been so stated in his affidavit.

2nd. There does not seem to have been due diligence used on the occasion. If the defendant were so regard- less of his own business as not to recollect whether he applied to counsel to file his pleas, one would be inclined to believe that he never did apply; but when to this it is added, that if application were made to the counsel, he

An affidavit, on a motion to set aside a judgment by default, stating that defendant was advised, &c., without stating that he was advi- sed by counsel, is insufficient.

Such an affidavit must also show due diligence.

JUNE TERM 1837.

C'nty of St. Louis
v.
George Clay.

also had forgotten it, the presumption against the diligence of the affiant becomes still stronger.

Believing then, for the reasons above given, that the affidavit is insufficient, I am of opinion that the circuit court erred in allowing the affiant to come and plead, and that its judgment against the plaintiffs for not replying to the pleas of the said affiant ought to be reversed; and the president of the court concurring in that opinion, its judgment is reversed, and the cause will be remanded to the circuit court.

McGirk, Judge. I concur.