In re the Marriage of Beatrice G. SALOMA, Appellant,

v.

Abraham E. SALOMA–OROZCO, Respondent.

No. 57098.

Missouri Court of Appeals, Eastern District, Division Five.

May 9, 1990.

David Campbell, John Joseph Campbell, St. Louis, for appellant.

John A. Turcotte, Jr., Diekemper, Hammond & Shinners, Clayton, for respondent.

---

SIMON, Chief Judge.

Appellant, Beatrice G. Saloma, appeals an order setting aside a default judgment in favor of respondent, Abraham E. Saloma–Orozco. In her sole point on appeal, appellant contends that the trial court erroneously set aside the default judgment where respondent's motion to set aside did not contain a statement of facts constituting a meritorious defense as required by Rule 74.05(c). We affirm.

Appellant and respondent were married on August 26, 1967 in San Antonio, Texas. Five children were born of the marriage: Abraham E. Saloma III, born June 17, 1968; Rafael Ricardo Saloma, born October 18, 1969; David Antonio Saloma, born September 26, 1973; Begonia Elizabeth Saloma, born April 25, 1975; and Mikel Imanol Saloma, born August 9, 1976.

On September 1, 1988, appellant filed her petition for dissolution of marriage. That same day, service of process was obtained on respondent. No responsive pleadings were filed, and on March 1, 1989, appellant obtained an interlocutory default and inquiry setting a default hearing for March 31, 1989. Respondent was out of the country on that date and did not appear for the hearing.

A decree of dissolution was entered by default on March 31, 1989. The decree dissolved the marriage of the parties, divided the marital property, awarded custody of the parties' children to appellant, and ordered respondent to pay child support in the amount of $500.00 per month per child, $1000.00 per month maintenance for appellant, and $1500.00 as and for appellant's attorney fees. Thereafter, on April 14, 1989, respondent filed a verified Motion to Set Aside Decree, for New Trial or, in the Alternative, to Amend Decree. In his motion, respondent alleged, *inter alia*, that the decree of dissolution was procured by fraud and material misrepresentation of fact in that appellant intentionally misled respondent to believe that she did not intend to proceed with the dissolution action, that appellant and respondent continued to live together in the same residence through the date of the default hearing, and that on

the date of the hearing, respondent was outside the country on business. Respondent's motion further alleged that the trial court's order regarding child custody, child support, attorney fees, and property division was against the weight of the evidence, unsupported by sufficient evidence, an abuse of discretion, and a misdeclaration and misapplication of the law.

A hearing was held on that motion on July 12, 1989. After entertaining argument from counsel for both parties, the trial court sustained respondent's verified motion to set aside the decree of dissolution, and denied respondent's verified motion for new trial or, in the alternative, to amend the decree. It is from this order that appellant appeals.

On appeal, appellant contends that the trial court erroneously set aside the default judgment where respondent's motion to set aside failed to contain a statement of facts constituting a meritorious defense as required by Rule 74.05(c).

Initially, we note that:

Setting aside a default judgment is a matter left to the discretion of the trial court and the trial court's ruling is to be interfered with by the appellate court only for abuse of discretion with the discretion not to set aside being a good deal narrower than the discretion to set aside. The appellate courts are more likely to interfere when the trial court has denied a request to set aside a default judgment than when it has granted such a request.

*Volvo Finance North America, Inc. v. Raja,* 754 S.W.2d 955, 957[1] (Mo.App.1988) (citations omitted). Further, the "[s]trict rules pertaining to default judgments are less rigorously applied in dissolution cases, especially where they involve child custody." *In re Marriage of Wheeler,* 743 S.W.2d 605, 606[2] (Mo.App.1988). "[C]ourts disfavor 'default judgments' in dissolution of marriage cases because of the state's interest in the welfare of the parties." *Moseley v. Moseley,* 744 S.W.2d 874, 878[10–13] (Mo.App.1988).

Rule 74.05(c), upon which appellant relies, provides in relevant part that, "[u]pon

motion stating facts constituting a meritorious defense and for good cause shown ... a default judgment may be set aside." Since appellant's point on appeal focuses only upon whether respondent's motion alleged sufficient facts constituting a meritorious defense, rather than whether respondent established good cause for setting aside the default judgment, we shall confine our review accordingly.

It is axiomatic that a judgment may be set aside if it can be shown that it was obtained by extrinsic fraud. *Vinson v. Vinson*, 725 S.W.2d 121, 124[6–8] (Mo.App. 1987). As we stated in *Jones v. Jones*, 254 S.W.2d 260, 261[1, 2] (Mo.App.1953):

> In other words, the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause upon which the judgment of the court was rendered. In short, it is not the province of this feature of equitable jurisdiction to afford the losing party a retrial of matters either tried or concluded by the original proceeding, but instead relief is limited to those instances where the fraud was of such a character as to have forestalled an opportunity for the fair submission of the controversy. Of such is the situation where the losing party to an action had a meritorious defense to interpose, but was prevented, without fault on his own part, from setting up his defense by reason of the fraud, deceit, or artifice of the successful party. In such an instance the fraud is to be regarded as having been perpetrated, not only upon the losing party, but upon the court as well, and if and when established constitutes a proper ground for equitable relief against the judgment.

Extrinsic fraud is established "when proof of facts is made which if known to the trial court would have caused the trial court to *not* enter the judgment; facts which would have caused the court to enter a *different* judgment do not constitute fraud extrinsic to the judgment." *In re Marriage of Harrison*, 734 S.W.2d 934, 939[3] (Mo.App.1987). The complaining party must show that he, himself, was free from fault, neglect, or inattention to his case. *Jones*, 254 S.W.2d at 261[1, 2]. In that regard, we keep in mind that the relationship of confidence between a wife and husband may justify the latter's reliance on the wife's representations. *Daffin v. Daffin*, 567 S.W.2d 672, 679[8–12] (Mo.App. 1978), *Harrison*, 734 S.W.2d at 940[3].

Here, respondent alleged in his verified motion that appellant misled him to believe that she did not intend to proceed with the dissolution action, that appellant and respondent continued to live together in the same residence through the date of the default hearing, and that on the date of the hearing, respondent was outside the country on business. Although the trial court entertained argument from counsel for both parties at the hearing on respondent's verified motion to set aside the default judgment, appellant has not provided this court with a transcript of that hearing. Further, the record fails to show any response by appellant to respondent's verified motion. Considering respondent's verified allegation of fraud in the procurement of the default judgment, and in light of the deferential standard of review applied when a trial court sets aside a default judgment in a dissolution action, we cannot say that the trial court has abused its discretion.

JUDGMENT AFFIRMED.

DOWD, P.J., and SIMEONE, Senior Judge, concur.