**Karen Lee CRAIN, Respondent,**

v.

**Brian Douglas CRAIN, Appellant.**

**No. WD 57679.**

Missouri Court of Appeals,
Western District.

May 31, 2000.

Hugh O'Donnell, III, Kansas City, for appellant.

Thomas Cain Capps, Liberty, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, ROBERT G. ULRICH, Judge, and RONALD R. HOLLIGER, Judge.

RONALD R. HOLLIGER, Judge.

Brian Crain appeals the trial court's order denying his motion to set aside a judgment of legal separation entered by default on July 1, 1999. Husband and Karen Crain were married August 7, 1993, and had one child. Wife filed a petition for legal separation and husband was personally served by summons on April 29, 1999. He filed no answer or any other responsive pleading prior to the entry of judgment. On July 23, 1999, husband filed his motion to set aside the judgment. He claimed that he did not receive the notice of the hearing date he was entitled to as a matter of law, and, pursuant to the Rule 74.05, he had good cause for failing to appear and a meritorious defense to wife's claim for relief.

We affirm.

The legal separation judgment divided the marital property, awarded maintenance to wife, awarded child custody and support to wife, and assessed attorney fees against husband. In his motion to set aside and at the hearing held on the motion, husband testified that he made "substantially less" than the $60,000 annually upon which the maintenance and child support awards were based. However, he never testified nor provided evidence as to the amount of his claimed actual income. Husband also claimed that the Form 14 used by the court in calculating child support was in error in several respects in addition to his income. Husband further testified that he talked with wife by telephone once a week prior to the judgment and she never advised him she intended to proceed in the case or that any court hear-

ing was scheduled. There was also no evidence that wife ever told husband she did not intend to proceed or that he did not need to respond to her petition.

We will sustain the judgment of the trial court unless it is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In his first point, husband claims that, as a matter of law, he was entitled to actual notice of the legal separation trial date, even though he had failed to respond in any way to service of the summons and petition. To support this contention, he relies upon the provision of § 506.130, RSMo 1994, and language in this court's decision in *H.J.I. v. M.E.C.*, 961 S.W.2d 108 (Mo.App.1998). He claims, and wife admits, that he received no notice of the actual trial date.

The summons served upon husband advised him to file a copy of his response to the petition within thirty days of service and that "[i]f you fail to do so, judgment by default will be taken against you for the relief demanded in the petition." Husband took no action within the thirty days or at any time prior to entry of the judgment. Rule 74.05 provides:

**Entry of Default Judgment.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party.

Husband contends, nevertheless, that the required elements of a summons stated in § 506.130 entitle him to notice of the hearing date. Section 506.130 provides:

The summons shall be signed by the clerk and dated the day it is issued, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which [sic] the place where the defen-dant is required to appear and defend as provided by law, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the petition.

Section 506.130 has been superseded by Rule 54.02, which is substantially identical except for the insertion of a grammatically required conjunction ("and") missing from the second sentence of the statute.

■ Husband acknowledges authority in other districts of this court that no notice need be given to a defaulting party. He also acknowledges such authority in this district but claims that our decision in *H.J.I., supra,* held otherwise. He seizes upon the language at 961 S.W.2d at 117 that

[w]here a party is served with a petition by summons, notice of the time and place of the hearing for entry of judgment is mandatory. § 506.130, RSMo 1994. Where a party waives service of summons, however, there is no statutory requirement that notice of the hearing be given. § 506.130, RSMo 1994.

We disagree with husband's contention that a defaulting party must be given notice based upon this language.

■ Wife argues that husband fails to consider, and the decision in *H.J.I.* did not mention, the provisions of Rule 43.01(a) providing in relevant part:

**(a) Service—When Required.** Every pleading subsequent to the original petition, every written motion, other than one that may be heard ex parte, and every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule or order is required to be served shall be served upon each of the parties affected thereby, but *no service need be made on parties in default for failure to appear* except that pleadings asserting new or additional claims for relief against them shall be served upon them

in the manner provided for service of summons.

(Emphasis added). Moreover, § 506.130 and Rule 54.02 require the summoned party be advised of the time *within which,* not the time *at which,* the defendant must appear and defend as provided by law. Rule 55.25 requires the filing of a responsive pleading to the petition within 30 days of service. The summons *sub judice* complied with the statutory and rule requirements by advising husband that he had 30 days *within which* to file his answer at the Clay County Circuit Court (the "place") or suffer default judgment.

We do not believe the language cited from *H.J.I.* was necessary to that court's decision, and, in any event, it was contrary to the statutory and rule requirements and longstanding authority. *H.J.I.* involved a paternity action where the mother *waived* service of summons and voluntarily entered her appearance. Thus, the interpretation of § 506.130 dealing with the contents of a summons was not necessary to the court's analysis and holding. *H.J.I.* fails to provide authority for husband's contention that a defaulting party is entitled to any notice subsequent to the summons.

■■■ We affirm the longstanding rule cited by this court in *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App.1993), that "once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case." Husband failed to answer wife's petition; he was entitled to no notice in the summons or afterwards of the actual date and time of the hearing. *Id.*

Husband next argues that the trial court should have set aside the default judgment because there was good cause for his failure to appear and defend, he demonstrated a meritorious defense, and there would be no prejudice to wife. Rule 74.05(d) states:

(d) **When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

■■■ Husband correctly points out that the discretion not to set aside a default judgment is narrower than the discretion to set a judgment aside. *In re Marriage of Williams,* 847 S.W.2d 896, 900 (Mo.App.1993). Husband also correctly points out that our system of justice has distaste for default judgments. *Id.* Nevertheless, we review the trial court's denial of his motion for abuse of its discretion. *Brants v. Foster,* 926 S.W.2d 534, 535 (Mo. App.1996). Husband must satisfy by his motion both elements of Rule 74.05 to be entitled to relief; he must show good cause and a meritorious defense before the default judgment will be set aside.

■■■ Husband must first show that he had good cause for the failure to answer the petition. Good cause contemplates conduct not intentionally or recklessly designed to impede the judicial process and which demonstrates his freedom from negligence in allowing the default to occur. *Gering v. Walcott,* 975 S.W.2d 496, 499 (Mo.App.1998). Husband argues that there is not a scintilla of evidence that his conduct was intentionally designed to impede the judicial system. That argument miscasts the issue. It is husband's burden to demonstrate his reasonable excuse for failure to respond to the summons. Moreover, good cause excludes not only intentional conduct but also reckless conduct.

Husband concedes he did not "act in the most prudent fashion" by not responding to the summons. Nevertheless, he argues that he was not negligent because the law required wife to give him notice of the hearing even though he was in default, and, moreover, that he was not reckless because wife "could have mentioned" the scheduled hearing to him in a telephone conversation.

Husband's argument ignores the clear warnings contained in the summons and attempts to impose the burden on the adverse party to protect himself from his own negligence in failing to preserve his rights. In Point I, we rejected the contention that he was legally entitled to notice after his failure to respond to the petition. We do not agree with husband's interpretation of *In re Marriage of Balough*, 983 S.W.2d 618 (Mo.App. S.D.1999), that failure to give a defaulting party notice constitutes good cause. In fact, the Southern District actually found that, to the extent that the trial court believed *H.J.I.* held that the failure to give notice would constitute good cause, such a rule was not to be followed in the Southern District and would be contrary to longstanding case law declarations in all districts of this court. The trial court's conclusion that husband did not satisfy Rule 74.05's first element requiring good cause is not against the logic of the circumstances. *See Gering, supra.*

Although husband must satisfy both requirements of Rule 74.05, we will briefly discuss husband's allegation that he had a meritorious defense to wife's action. His motion was required to state facts that would raise a meritorious defense "likely to materially affect the substantive result of the case." *Palmer v. Hawkeye Sec. Ins. Co.*, 1 S.W.3d 591, 593 (Mo.App.1999) (internal citations omitted). Husband's only allegation was that the judgment incorrectly set forth his income as $60,000 per year and that it was actually "substantially less." The allegation is conclusory by failing to set forth his actual income. Even at the hearing on his motion, husband never testified as to the amount of his claimed income. There was no basis in the motion or presented at the hearing upon which the court could have found that husband had a meritorious defense, that the legal separation judgment was seriously wrong, or that any manifest injustice would result from allowing the judgment to stand.

Husband claims for the first time on appeal that there were other errors in the Form 14 utilized by the court. He claims that wife's income should have included support received for another child in her custody not the product of this marriage. Argument not pled or presented below cannot constitute the pleading of a meritorious defense to the trial court under Rule 74.05. We, moreover, do not consider arguments not raised below and made for the first time on appeal. *Rugg v. City of Carrollton*, 990 S.W.2d 89, 91 (Mo. App.1999). Finally, husband's contention is legally incorrect because the directions and comments to Form 14 instruct that such other support should be excluded from the receiving parent's gross income. We also decline to consider as a meritorious defense husband's belated claim on appeal that social security benefits received by the child of this marriage based on wife's disability should have been reflected in the child support calculations.

Husband finally argues that there is no prejudice to wife because he filed his motion within 30 days of the default judgment. Although the trial court has wide discretion to set aside a default judgment, we will not find an abuse of that discretion for denying such a request when neither of the requirements of Rule 74.05 have even been arguably satisfied.

Judgment affirmed.

HAROLD L. LOWENSTEIN, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.