**In re the MARRIAGE OF Joann E. MACOMB and Donald D. Macomb.**

**Joann E. Macomb, Petitioner–Respondent,**

**and**

**Donald D. Macomb, Respondent–Appellant.**

**No. 26683.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 22, 2005.

James R. Sharp, Sharp & Bredesen, Springfield, MO, for appellant.

Verna L. Haun, Douglas, Haun & Heidemann, P.C., Bolivar, MO, for respondent.

JAMES K. PREWITT, Judge.

Donald D. Macomb ("Appellant") appeals a ruling from the trial court denying his motion to set aside a default judgment and decree of dissolution of marriage granted to Joann E. Macomb ("Respondent").

Appellant received a petition and summons regarding the dissolution of marriage on May 25, 2001. Appellant had discussed getting a divorce from Respondent, and Appellant made arrangements to be served with petition and summons prior to leaving for California for three weeks in his capacity as a truck driver. At the time of service, Appellant and Respondent lived together in Fair Grove, Missouri.

Appellant testified that he believed he had thirty days from the date when the hearing was set to file a response rather than thirty days from service. He testified he based this belief on a conversation he had with Respondent who told him that time to respond began once the date had been set. Appellant later testified that had he known the law, he would have filed his response before the thirty-day deadline.

Appellant admitted he "glanced" at the papers before handing them back to Respondent in the "ten-minute period" between being served and leaving for California. Respondent testified that, upon receiving the papers, Appellant said, "I'm not going to contest this" and "I'm not going to hire an attorney." Respondent testified that Appellant had "under an hour" to read the papers before leaving, and he simply handed them to her before he left.

Appellant said that during the three-week period he was away, he communicated with Respondent "every day" regarding whether she had heard from the court. Respondent's response was, "No, I haven't heard a word." Appellant returned one week prior to the dissolution hearing. Appellant testified that "less than an hour after" he returned, he began looking for the papers. He could not find the papers, and he said Respondent offered little detail about their location. Respondent testified that once Appellant returned, she insisted that he read the papers, but he kept saying, "I don't want to look at them right now" and "Just put them away for me."

Appellant testified that on the morning of the dissolution hearing, he asked Respondent "why she was getting ready for work so early." Respondent said she truthfully answered that she was "attending an associates' meeting at Sears[,]" which was where she was employed at that time. He testified that he thought she was "too dressed up" for work.

On the afternoon of June 26, 2001, the trial court entered a judgment dissolving the marriage between Appellant and Respondent. Respondent appeared at the dissolution hearing. Appellant did not appear, and the court found him in default, noting he was "personally served thirty days prior to this date." Respondent was awarded maintenance of $1900 per month, specifically listed non-marital and marital property, attorney fees totaling $1250, one-half of the interest in Appellant's Teamsters pension, and a bank account. Appellant was awarded several items of non-marital and marital property. Respondent moved out of the marital home on July 7, 2001, without mentioning the dissolution hearing. On July 24, the trial court entered an Amended Judgment and Decree

of Dissolution to add a monetary award of $3,669.

On August 13, 2001, Appellant called the Polk County Clerk's office to determine if a date had been set for the dissolution hearing. The clerk responded, "You're already divorced, Mr. Macomb." Appellant then went to the circuit court clerk's office and obtained a copy of the judgment. He filed a motion to set aside the judgment on August 21, 2001. On October 9, 2001, the trial court declined to set aside the judgment. Appellant filed a Notice of Appeal on November 14, 2001, which was dismissed by this court on October 15, 2003, because the ruling on his motion to set aside the dissolution was not a final judgment.

On November 12, 2003, Appellant filed a Motion to Enter Final Judgment for Purposes of Appeal, which was denied on December 11, 2003. A petition for a writ of mandamus ordering the trial court to enter a final judgment was filed by Appellant and granted by this Court on June 24, 2004. Thereafter, a hearing was held by the trial court on August 30, 2004. It denied his motion on October 18, 2004. The trial court entered an amended judgment on November 4, 2004, to correct the previous entry. Appellant filed a Notice of Appeal on December 2, 2004.

■ In his first point, Appellant contends the trial court erred in denying his Motion to Set Aside Amended Judgment and Decree of Dissolution under Rule 74.05(d) for failing to consider "substantial evidence." Appellant cites Rule 74.05(d), which requires a default judgment be set aside for "meritorious defense and for good cause." Respondent countered by alleging that "the trial court was free to disbelieve Appellant's evidence" showing good cause on his part. Respondent further contended that the default judgment occurred as a result of Appellant's "reck-

less conduct in allowing the default since he did not read the summons or petition and failed to hire an attorney until two months" after being served. Appellant asserts that this does not rise to the "recklessness" set by Rule 74.05(d).

Rule 74.05(a) states, in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party[.]"

Rule 74.05(d) states:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

■ Whether a default judgment should be set aside is within the trial court's discretion and will not be disturbed on appeal unless an abuse of discretion is found. *In re Marriage of Williams*, 847 S.W.2d 896, 900 (Mo.App.1993).

■ In an action to set aside a default judgment, the party must timely file a motion to set aside, show a meritorious defense and good cause for setting aside the default judgment. *J.E. Scheidegger Co., Inc. v. Manon*, 149 S.W.3d 499, 502 (Mo.App.2004). This good-cause requirement is satisfied by proving the party in default did not recklessly or intentionally

impede the judicial process. *Crowe v. Clairday*, 935 S.W.2d 343, 345 (Mo.App. 1996).[1]

Appellant says his reliance on Respondent's notification of when the dissolution hearing would be held and the hiring of an attorney after learning of the dissolution hearing is proof of his good cause. Respondent contends she always truthfully answered Appellant's questions. Appellant says he relied on Respondent in regard to his legal obligation in obtaining counsel. Respondent testified that Appellant said he was not going to hire a lawyer.

■ Respondent's testimony regarding her husband's questions does not match Appellant's testimony. Appellant testified that he specifically asked Respondent whether "she had heard about a court date." Respondent testified she always answered truthfully. The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *Crowe*, 935 S.W.2d at 346.

■ Under Rule 74.05(d), good faith mistakes do constitute good cause, and a default judgment can be vacated even if the party has negligently failed to file a timely answer. *Newton v. Manley*, 824 S.W.2d 522, 524 (Mo.App.1992). In *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 838 (Mo.App.1996), this court found that a party that was properly served and did not respond until after the default judgment acted negligently but not recklessly.

In *Saloma v. Saloma–Orozco*, 788 S.W.2d 799, 801 (Mo.App.1990), the appellate court found, in a similar fact pattern, that where the participants in a dissolution were still living together, the relationship of confidence between a wife and husband may justify the latter's reliance on wife's representations and that her misleading statements about the dissolution hearing led to extrinsic fraud. *Id.* In order to use this defense, the complaining party must show that he was free from fault, neglect or inattention to his case. *Id.*

Here, contrary to *Saloma*, the trial court did not set aside the judgment nor did it find any misleading statements by Respondent. All fact issues not expressly found are deemed found in accordance with the Result. Rule 73.01. Credibility of testimony is best measured by the trial court. *Crowe*, 935 S.W.2d at 346. The trial court could have found that Appellant acted recklessly in failing to read the summons, or it may not have believed Appellant's purported reliance on Respondent's statements or found that Appellant's reliance on an adverse party's statements was reckless. Appellant's inattention to the proceedings bars him from showing good cause. Appellant has not shown good cause to set aside the default judgment.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.

1. Whether Appellant set forth a meritorious defense is not an issue here.