In re the MARRIAGE OF Teresa
M. CALLAHAN and Gary
W. Callahan.

Teresa M. Callahan, Respondent,

v.

Gary W. Callahan, Appellant.

No. SC 89676.

Supreme Court of Missouri,
En Banc.

Feb. 24, 2009.

Arthur G. Muegler, Jr., St. Louis, MO, James E. Pennoyer, Farmington, MO, for Appellant.

Benicia Baker–Livorsi, The Family Law Group, LLC, St. Charles, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

Gary Callahan ("Appellant") appeals a judgment overruling his motion to set aside a default judgment. That judgment is reversed, and the case is remanded

### Facts

Teresa Callahan ("Respondent") filed a petition for dissolution of her marriage to Appellant. Appellant was served personally with the summons on August 3, 2007. Appellant did not file an answer or an entry of appearance.

On October 4, 2007, the circuit court entered a default judgment against Appellant. The court found that Respondent was disabled and unable to earn a sufficient income to meet her reasonable needs.

The judgment gave Respondent the marital home, a portion of Appellant's 401(k), $800.00 per month of non-modifiable maintenance, a cash-equalization judgment of $74,616 with statutory interest, and approximately 136 acres of land.

On November 2, 2007, Appellant filed a verified motion to set aside the default judgment pursuant to Rule 74.05(d). In support of the motion, Appellant alleged that Respondent fraudulently obtained the default judgment by: (1) stating that the parties had agreed to use the same lawyer; (2) the fact that since July 2007, Respondent had been receiving Appellant's mail and destroying it; (3) telling Appellant the dissolution proceeding was ongoing; and (4) saying she was going to a medical appointment on the day of the default hearing when she actually was going to the courthouse to obtain the default judgment at issue in this case. Appellant also alleged that Respondent was not disabled and was able to earn sufficient money to meet her reasonable needs.

The circuit court overruled Appellant's motion to set aside the default judgment. The court heard argument as to the sufficiency of the allegations but did not hold an evidentiary hearing. In his sole point on appeal, Appellant argues that the circuit court erred by overruling his motion without holding an evidentiary hearing.

### Standard of Review

■ A decision on a motion to set aside a default judgment is reviewed for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687–88 (Mo. banc 2007). There is, however, "a strong preference for deciding cases on the merits" and against resolving litigation by default. *Id.* at 688. Consequently, courts have broader discretion when sustaining a motion to set aside a default judgment than when overruling such a motion. *Id.* at 687.

### Analysis

A party is entitled to an evidentiary hearing on a motion to set aside a default judgment if the motion satisfies the pleading requirements of Rule 74.05. *Reed v. Reed*, 48 S.W.3d 634, 639 (Mo.App.2001); *Sears v. Dent Wizard Intern. Corp.*, 13 S.W.3d 661, 664–65 (Mo.App.2000); *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 492 (Mo.App.1990). The pleading requirements of Rule 74.05(d) provide that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown. . . ." The Rule further provides that such a "motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment." A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony. *Gorzel v. Orlamander*, 352 S.W.2d 675, 678 (Mo.1961).

### I. Meritorious Defense

■ A "meritorious defense" means proof of any factor likely to materially affect the outcome of the underlying case. *Bell v. Bell*, 849 S.W.2d 194, 198 (Mo.App. 1993). "When the meritorious defense is factual in nature, the party in default should recite particular facts, which if proved, would constitute a meritorious defense." *Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo.App.1993).

■ In his verified motion, Appellant alleged that the default judgment was premised on incorrect factual findings. Appellant specifically asserted that Respondent was not disabled and was able to earn substantially more income than Appellant. Section 452.335.1, RSMo 2000, authorizes the circuit court to award maintenance only if the spouse is unable to meet his or her reasonable financial needs with

marital property or appropriate employment. Appellant's allegation that Respondent has a higher earning capacity could constitute a defense to the maintenance award. Appellant's verified motion pleaded facts constituting a meritorious defense under Rule 74.05(d).

## II. *Good Cause*

Rule 74.05(d) specifies that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Good cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer. *Dozier v. Dozier,* 222 S.W.3d 308, 313 (Mo.App.2007). In distinguishing between negligence and recklessness in the context of Rule 74.05:

> A person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency.. To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man.

*Id.* (internal citations omitted).

Appellant alleged facts that would support a finding that he did not intentionally or recklessly ignore the summons in disregard of the legal process. For instance, if Appellant can prove that he was not reckless in relying on Respondent's statements or that she intercepted legal notices relating to the dissolution proceedings, then there is a basis for concluding that Appellant did not intentionally or recklessly disregard the legal process. Appellant's verified motion, therefore, pleaded facts constituting good cause under Rule 74.05(d).

## III. *Timeliness*

Appellant filed his motion within 30 days of entry of the default judgment. Respondent does not dispute that Appellant filed his motion within a reasonable time. Appellant's motion was filed timely.

## *Conclusion*

Appellant timely filed a verified motion alleging facts that could establish a meritorious defense and good cause under Rule 74.05(d). The judgment overruling the motion to set aside the default judgment is reversed, therefore, and the case is remanded.

STITH, C.J., PRICE, WOLFF, BRECKENRIDGE and FISCHER, JJ., concur; RUSSELL, J., concurs in separate opinion filed; PRICE, J., concurs in opinion of RUSSELL, J.

MARY R. RUSSELL, Judge.

I concur with the result of the majority opinion but write separately to suggest other factors that trial courts should consider when determining if good cause has been pleaded such that an evidentiary hearing should be granted on a motion to set aside a default judgment.

Husband complains that his wife misled him about the need to hire a separate attorney. Unfortunately, this is not an uncommon occurrence in dissolutions. Similar factual scenarios appear in other cases and, although this Court has not spoken on this particular issue, some notable trends do appear in the court of appeals. While perpetuating a fraud on an opposing party in litigation is not to be condoned, Husband must plead facts that show that he was free from fault, neglect, or inattention to the summons and petition that he was served. *See In re Marriage of Macomb,* 169 S.W.3d 191, 194 (Mo.App. 2005).

In the present case, the pleadings recite facts that entitle Husband to a hearing. There, he may be able to show that the circumstances surrounding these facts establish good cause. The trial court's judgment and Wife's petition both indicate that the parties cohabitated during the period leading up to the default judgment hearing. That fact is undisputed.

Courts have at times treated a husband and wife who were cohabitating at the time of the dissolution differently from a non-cohabitating couple. In *Saloma v. Saloma–Orozco*, 788 S.W.2d 799, 800 (Mo.App. 1990), the court addressed a default judgment where the husband and wife continued to live together. Similarly, in that case the husband alleged that the wife had misled him into believing that she did not intend to proceed with the dissolution action. *Id.* at 801. In affirming the setting aside of the default judgment, the court highlighted the cohabitation, stating that "the relationship of confidence between a wife and husband may justify the latter's reliance on the wife's representations." *Id.* at 801; *see also Macomb*, 169 S.W.3d at 194 (noting that the key fact in *Saloma* was a "relationship of confidence" through cohabitation and stating that in other circumstances a trial court acts properly when finding reliance on an adverse party's statements is reckless).[1]

In contrast, in *Crain v. Crain*, 19 S.W.3d 170 (Mo.App.2000), the court found that the husband did not have good cause in neglecting to respond to a petition for dissolution. In *Crain*, the husband complained that he had spoken with his wife once a week, yet she never had informed him that she intended to proceed with the dissolution or that a hearing was scheduled; on the other hand, the wife never had told him affirmatively that she did not intend to proceed.[2] *Id.* at 172–73. In addition to these facts, it appeared that the husband and wife were living apart. The court addressed what constitutes good cause, noting that good cause is not present when the movant's conduct was intentional or reckless so as to impede the judicial process. *Id.* at 174. The court then rejected the husband's challenge, stating, "Husband's argument ignores the clear warnings contained in the summons and attempts to impose the burden on the adverse party to protect himself from his own negligence in failing to preserve his rights." *Id.* at 175.

In this case, remand for an evidentiary hearing is proper because Husband might be able to demonstrate that he had good cause in failing to answer the petition timely because he was in a relationship of confidence. An evidentiary hearing might reveal whether, in context, Husband was reckless in relying on Wife's statements during this time. Notably, in non-domestic cases, it would be a mistake to condone reliance on an adverse party's statements of the nature alleged here.

---

**1.** In addition to a relationship of confidence, other factors relevant to good cause that weigh in favor of granting an evidentiary hearing may include the presence of a child custody dispute or the rapidity with which a complaining party files a motion. *E.g., Bothe v. Bothe*, 266 S.W.3d 321, 325–26 (Mo.App. 2008) (default judgment reversed when child custody a central issue and complaining party moved immediately to set it aside).

**2.** Reviewing the relevant statutes and case law, *Crain* affirmed the longstanding rule that the husband, as a defaulting party, was not entitled to notice subsequent to the summons. *Id.* at 174. Notably, in the present case, Husband was served personally with a summons that clearly notified him that failure to file a responsive pleading within 30 days may result in a default judgment.