

# SUPREME COURT OF MISSOURI
## en banc

DAVID STEELE, ) *Opinion issued April 30, 2024*
      )
      Respondent, )
      )
v. ) No. SC100193
      )
JOHNSON CONTROLS, INC., )
      )
      Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GENTRY COUNTY
**The Honorable Corey K. Herron, Judge**

Johnson Controls, Inc., ("JCI") appeals the circuit court's judgment overruling its motion to set aside a default judgment awarding compensatory and punitive damages to David Steele.[1] JCI failed to prove good cause for its default as is required to set aside the default judgment pursuant to Rule 74.05(d). JCI's reliance on Rules 75.01 and 74.06(b)(1) as alternate bases to set aside the default judgment is incorrect. Finally, although Rule 74.05(a) authorizes the circuit court to enter a default judgment "upon proof of damages[,]" JCI's defaulted claims asserting the circuit court plainly erred by awarding punitive damages in violation of § 510.261[2] are not reviewable. The judgment is affirmed.

---

[1] This Court transferred the appeal following an opinion by the court of appeals and has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

[2] All statutory references are to RSMo 2016 as supplemented.

## Factual and Procedural Background

Steele filed a petition alleging JCI violated § 287.780 by retaliating and discriminating against him for filing a workers' compensation claim. He sought compensatory and punitive damages. Steele alleged punitive damages were warranted because JCI acted with willful, deliberate, and reckless disregard for his rights. He alleged the punitive damages award should be an amount sufficient to deter JCI and others from similar conduct.

On December 2, 2021, Steele served JCI with the petition through its registered agent. JCI did not file an answer or responsive pleading. On March 2, 2022, Steele filed a motion for default judgment and damages pursuant to Rule 74.05.

On May 5, 2022, the circuit court held a hearing regarding damages. Steele testified he fell onto a concrete floor at work and sustained a compression fracture in his back, a hairline fracture in his pelvis, and a wrist injury. JCI required him to return to work the day after the accident, even though he was in "excruciating pain" and had a medical appointment. JCI disciplined him for his absence immediately after the injury and declined to remove the absence from his record because maintaining the unexcused absence would preserve safety bonuses. Steele testified that, when he returned to work, he was accused of "milking" his injury and was required to sit in a hard chair in the lunch room or a dirty office with no work to do.

After Steele was cleared medically to work with lessened weight restrictions, JCI required him to operate equipment beyond his weight restrictions. When Steele informed a supervisor that one of his assigned tasks exceeded his work restrictions, the supervisor

2

threatened him with a suspension. Steele testified he experienced extreme pain, and was placed on probation based on false accusations he violated JCI's work rules. After his injury, Steele was "ostracized" at work. Steele testified he was "on the long-term disability" as of the hearing date.

Following the damages hearing, the circuit court entered a default judgment for Steele pursuant to Rule 74.05. Because JCI defaulted, the circuit court found JCI admitted the facts alleged in Steele's petition. The circuit court also found the evidence at the hearing supported Steele's claim for compensatory and punitive damages and entered a judgment awarding him $300,000 in compensatory damages and $600,000 in punitive damages.

Eight days later, on May 13, 2022, JCI filed a motion to set aside the default judgment, citing Rules 75.01, 74.05(d), and 74.06(b)(1). JCI alleged it had good cause for the default because its registered agent mislabeled the service documents as if they involved a workers' compensation claim and routed them to the incorrect section of JCI's legal department. JCI alleged it had a meritorious defense because Steele's allegations were meritless and he still worked at the JCI facility.

The only affidavit JCI attached to its motion was from JCI's in-house counsel, Tammara Lovett. Lovett stated JCI's workers' compensation group reviewed Steele's lawsuit, recognized it was not a workers' compensation claim, and sent it to Jennifer Ellis, an attorney in JCI's legal department who handles labor and employment cases. Lovett also stated there was "no evidence of [Steele's] petition" in JCI's service of process monitoring system.

3

On July 7, 2022, the circuit court held a hearing about JCI's motion to set aside. JCI did not present any additional evidence at the hearing and relied solely on its motion and Lovett's affidavit. The parties argued their positions, and the circuit court took the matter under advisement.

The next day, JCI filed a reply in support of its motion to set aside the default judgment attaching Ellis' affidavit. Ellis stated she received "a system-generated email" from JCI's service of process monitoring system indicating she was added to the Steele matter. She disregarded the email because it had a "WC" notation, leading her to conclude she was "incorrectly added to the matter because it is a workers' compensation case." Ellis stated that, because she was "not responsible for workers' compensation matters, [she] did not look further into the case." Finally, Ellis stated no service documents were attached to the email, while also stating she "believed the service documents were already properly with the correct legal department covering workers' compensation claims" so she "mistakenly did not send the documents to … Lovett[.]"

On July 13, 2022, the circuit court entered a judgment overruling JCI's motion to set aside the default judgment. The circuit court concluded JCI failed to show good cause, a meritorious defense, or excusable neglect.

JCI filed a motion for new trial attaching several affidavits from current and former JCI employees refuting the allegations in Steele's petition. JCI also asserted the compensatory and punitive damage awards were not supported by the evidence, were clearly excessive, and constituted a manifest injustice. The circuit court overruled JCI's motion. JCI appeals.

## Standard of Review

Appellate courts review the judgment overruling the motion to set aside default judgment, not the default judgment itself. *State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 732 (Mo. App. 2007).[3] A judgment overruling a Rule 74.05(d) motion to set aside a default judgment is reviewed for an abuse of discretion. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). "If reasonable persons can differ as to the propriety of the court's action, then it cannot be said that the trial court abused its discretion." *Linton ex rel. Linton v. Carter*, 634 S.W.3d 623, 627 (Mo. banc 2021) (quotation omitted). Finally, while disposition on the merits is favored, this general policy "must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the

---

[3] Rule 74.05(a) authorizes a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[.]" Consistent with the rule, this Court held 30 years ago that a judgment entered after a party files pleadings but fails to appear "is not a default judgment but, rather, is a judgment on the merits." *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994); *see also State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 731 (Mo. App. 2007) ("If the party had answered the pleadings or otherwise defended against the pleadings but did not appear at trial, the judgment was on the merits."); *Hilerp v. Dir. of Revenue*, 48 S.W.3d 683, 687 (Mo. App. 2001) ("Where the judgment is taken after a party files pleadings but does not appear, it is considered a judgment on the merits."). Against this backdrop, the concurring opinion cites *Washington v. Sioux Chief Manufact. Co.*, 662 S.W.3d 60, 80 (Mo. App. 2022), to support the assertion appellate courts can directly review a default judgment for plain error under Rule 84.13. As demonstrated below, *Washington* and other court of appeals cases holding or suggesting appellate courts may utilize plain error review to directly review a default judgment are incorrect. *Washington*, however, is particularly inapt because it is not a true default judgment case. In *Washington*, the defendant filed an answer and cross-claim petition, and the parties litigated discovery disputes for more than a year until the circuit court struck the defendant's pleadings as a sanction for repeated discovery violations. *Id.* at 64-66. Although the court of appeals characterized the judgment as a "default judgment," it was not a default judgment as that term is used in Rule 74.05. *Washington* does not even reference Rule 74.05 or Rule 74.06, further confirming that labelling the judgment as a "default judgment" under those circumstances "is a misnomer." *Mottet v. Dir. of Revenue*, 635 S.W.3d 862, 864 n.1 (Mo. App. 2021).

integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof." *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989).

## Rule 74.05(d)

Rule 74.05(d) authorizes the circuit court to set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown."[4] "A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." *Callahan*, 277 S.W.3d at 644. The moving party must prove both good cause and a meritorious defense to set aside a default judgment pursuant to Rule 74.05(d). *Krugh v. Hannah*, 126 S.W.3d 391, 393 (Mo. banc 2004) (reversing a judgment setting aside a default judgment because the moving party failed to show good cause).

JCI claims the circuit court erred by overruling its motion to set aside the default judgment because it alleged and proved both good cause and a meritorious defense. JCI argues the Lovett and Ellis affidavits show good cause because its failure to answer Steele's petition resulted from inadvertent mislabeling and misrouting of service documents rather than an intentional or reckless design to impede the judicial process.[5]

---

[4] Rule 74.05(d) provides the "motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment." JCI timely filed its motion to set aside the default judgment.

[5] Steele argues the Ellis affidavit should not be considered because JCI filed it the day after the hearing on its motion to set aside a default judgment. The circuit court was not obligated to consider the Ellis affidavit. "It is settled law in Missouri that a motion to set aside a default judgment does not prove itself and must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion." *Dorsey v. JPAM Consulting, Inc.*, 644 S.W.3d 297, 301 (Mo. App. 2022) (emphasis and quotation omitted). The Ellis affidavit was not produced at the motion hearing, and there is no indication the affidavit was unavailable for presentation to the circuit court a day earlier at the motion hearing. Nonetheless, in his suggestions in opposition to JCI's motion for a new trial, Steele conceded the circuit court overruled his motion to strike the

6

"Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d) (quotation omitted). Reckless conduct involves "a conscious choice of [a] course of action" when the actor knew or reasonably should have known of a serious danger. *Callahan*, 277 S.W.3d at 645 (quotation omitted). Unlike the conscious disregard of a serious danger characterizing recklessness, negligent conduct resulting from "inadvertence, incompetence, unskillfulness or failure to take precautions" may constitute good cause for a default. *Id.*

The affidavits from JCI's in-house attorneys, Lovett and Ellis, offered inconsistent accounts of JCI's handling of Steele's lawsuit. Lovett stated the workers' compensation team reviewed Steele's case documents and sent them to Ellis. Lovett also stated there was no evidence of Steele's petition in JCI's internal service of process monitoring system. By contrast, Ellis stated the day after JCI was served with Steele's lawsuit, she received a "system-generated email" indicating she had been added to the "pending Steele matter" in JCI's service of process monitoring system. Ellis further stated the service documents were not attached to the email and she never received the service documents. Ellis, however, then stated she "mistakenly did not send the documents to Tammara Lovett," which suggests she did receive the service documents. These inconsistencies provided a reasonable basis for the circuit court, as the finder of fact, to disbelieve JCI's evidence. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012) (stating the circuit court "is free to disbelieve any, all, or none" of the contested evidence in a case); *see also Vogel v. Schoenberg*, 620 S.W.3d 106, 113 (Mo. App. 2021) (explaining the circuit court "was free

_____

Ellis affidavit, and the judgment states the circuit court considered the evidence presented. This Court will review JCI's good cause argument in light of the Lovett and Ellis affidavits.

7

to disbelieve the assertions in [an] affidavit offered to establish 'good cause' and plainly did so"). Although mishandling documents can be viewed as negligent conduct showing good cause, this Court has recognized it is reasonable to reject a claim of good cause when attorneys within an organization mishandle documents because counsel has a responsibility to "vigilantly follow the progress of a case in which he is involved." *Sprung*, 775 S.W.2d at 100. The circuit court did not abuse its discretion by declining to credit JCI's inconsistent and contradictory affidavits and concluding JCI did not show good cause to excuse the default. JCI's failure to establish good cause required the circuit court to overrule the Rule 74.05(d) motion. *Krugh*, 126 S.W.3d at 393.[6]

## Rule 75.01

JCI also claims the circuit court erred by failing to set aside the default judgment for good cause pursuant to Rule 75.01. In pertinent part, Rule 75.01 provides "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." JCI argues that, because it filed the motion to set aside the default judgment within 30 days, Rule 75.01 provides an alternate basis to set aside the default judgment based on good cause alone, without the necessity of showing a meritorious defense as required by Rule 74.05(d). JCI is incorrect.

There are few standards more entrenched in this Court's jurisprudence than the general rule that the failure to answer a petition authorizes the circuit court to enter a default judgment and that the defaulting party must show both good cause for the default and a

---

[6] Because JCI's failure to show good cause is a sufficient basis to affirm the judgment, there is no need to address JCI's separate claim it showed a meritorious defense.

meritorious defense to set aside the default judgment. *See Green v. Goodloe*, 7 Mo. 25, 27 (1841) (holding "former decisions of this court" make it clear that a defaulting party must show "not only … a meritorious defense, but the exercise of all due diligence by the party").[7] Rule 74.05 carries this general rule forward and expressly governs both the entry of a default judgment and the procedure for setting it aside. Consistent with nearly 200 years of decisions from this Court, Rule 74.05(a) authorizes a default judgment when a party fails "to plead or otherwise defend as provided by these rules," and Rule 74.05(d) expressly requires the defaulting party to show both good cause and a meritorious defense to set aside the default judgment.[8]

Rule 75.01 neither replaces Rule 74.05(d) when a defaulting party files a motion within 30 days of the default judgment nor negates the necessity of showing a meritorious defense.[9] To the contrary, Rule 74.05(d) specifically provides "[a] motion filed under this Rule 74.05(d), *even if filed within 30 days after judgment*, is an independent action and

---

[7] *See also Sprung*, 727 S.W.2d at 889 (explaining a defendant may bring an independent action to set aside a default judgment and must "show a meritorious defense, good reason or excuse for the default and that no injustice will accrue to" the plaintiff as a result of the delay occasioned by setting aside the judgment); *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114, 116 (Mo. 1955) (stating "generally … to justify a trial court in setting aside a default judgment, a defendant must have shown that he has a meritorious defense, and that he has good reason or excuse for the default"); *Lecompte v. Wash.*, 4 Mo. 557, 559 n.a (1837) (cataloguing early cases holding the standard for setting aside a default judgment requires the defaulting party to show "due diligence" or good cause coupled with an "affidavit of merits" or other evidence showing a meritorious defense).

[8] Rule 74.05(a) also conditions the entry of a default judgment on "proof of damages or entitlement to other relief[.]" Like any other judgment, a default judgment must be entered in accordance with the facts and the substantive law governing the cause of action. Steele's uncontradicted testimony detailed JCI's retaliatory and discriminatory treatment following his injury and provides substantial evidence supporting the compensatory and punitive damage awards of the default judgment.

[9] The circuit court took no action on JCI's motion to set aside the default judgment within the 30 days it retained jurisdiction.

not an authorized after-trial motion[.]"[10]  (Emphasis added).  Further, because "a default judgment is not appealable in the absence of a motion to set aside or vacate[,]" *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984), the defaulting party cannot file a post-judgment motion pursuant to Rule 75.01, or any other authorized post-trial motion.[11] Instead, the appropriate procedural mechanism to set aside a default judgment is an independent action under Rule 74.05(d).  Rule 75.01 does not provide an end-run around express provisions of Rule 74.05(d) governing independent actions to set aside default judgments and requiring the defaulting party to show good cause and a meritorious defense.[12]  Cases suggesting or holding otherwise should no longer be followed.

### Punitive Damages

JCI claims the circuit court plainly erred by awarding Steele punitive damages in violation of § 510.261.7 because the circuit court did not follow the procedures required by § 510.261.  JCI also argues the circuit court plainly erred because there was no clear

---

[10] This Court amended Rule 74.05(d) effective January 1, 2007, to make it clear that a motion to set aside a default judgment is an independent action "treated as an independent judgment." *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007).

[11] While this Court has never addressed the issue, the court of appeals has held an appeal lies from a default judgment in the limited circumstance when the appellant claims the circuit court lacked subject matter jurisdiction.  *See Moore v. Crocker*, 643 S.W.3d 926, 928 (Mo. App. 2022); *Robertson v. Rosner*, 641 S.W.3d 436, 443 (Mo. App. 2022) (explaining that a direct appeal from a default judgment lies only when the appellant challenges the circuit court's subject matter jurisdiction).

[12] JCI's claim that the default should be set aside pursuant to Rule 74.06(b)(1) due to mistake, inadvertence, or excusable neglect fails for the same reasons.  This does not mean a defaulting party cannot move to set aside a default judgment pursuant to other provisions of Rule 74.06 that do not involve the defaulting party's conduct in failing to answer or otherwise defend.  *See* Rule 74.06(b)(2) (providing the court may relieve a party from a judgment for fraud, misrepresentation, or other misconduct of a party); Rule 74.06(b)(3) (providing the court may relieve a party from a judgment that is irregular); Rule 74.06(b)(4) (providing the court may relieve a party from a judgment that is void); Rule 74.06(b)(5) (providing the court may relieve a party from a judgment that has been satisfied, released, or discharged, or because a prior judgment on which it is based has been reversed or vacated).  None of JCI's points relied on claim these rules apply.

10

and convincing evidence supporting punitive damages as required by § 510.261.1. These defaulted claims are not subject to plain error review.

As established, a default judgment is generally "not appealable in the absence of a motion to set aside or vacate[.]" *Vonsmith*, 666 S.W.2d at 424. The corollary to this rule is that allegations of legal error in the underlying default judgment are generally "moot unless the default is set aside." *Wooten v. Wentworth Entm't Grp., LLC*, 552 S.W.3d 118, 123 (Mo. App. 2018); *see also First Cmty. Bank v. Hubbell Power Sys., Inc.*, 298 S.W.3d 534, 538 (Mo. App. 2009) (explaining that, because a Rule 74.05(d) motion is an independent action, the circuit court correctly concluded the "allegations of error relating to that underlying [default] judgment are moot unless the default is set aside"). Further, because this Court's 2007 amendment to Rule 74.05(d) provides a motion to set aside a default judgment is an independent action resulting in an independent judgment, *Brungard*, 240 S.W.3d at 687, the issues in an appeal from a judgment denying relief under Rule 74.05(d) are limited to whether the circuit court abused its discretion by finding there was no good cause or meritorious defense. The discretionary plain error review authorized by Rule 84.13(c) does not change the analysis.[13] JCI is appealing the judgment denying relief

---

[13] The concurring opinion acknowledges the default judgment is not the judgment on appeal but, nonetheless, asserts Rule 84.13(c) plain error review is available. This assertion incorrectly presupposes the appeal from the judgment overruling JCI's motion to set aside the default judgment is also an appeal from the non-appealable default judgment. The 2007 amendment to Rule 74.05(d) forecloses the concurring opinion's position by expressly providing a Rule 74.05(d) motion is an independent action. Because it is an independent action, a judgment overruling a motion to set aside a default judgment is "treated as an independent judgment." *Brungard*, 240 S.W.3d at 687. Consequently, plain error review, if any, is necessarily limited to the judgment denying relief under the Rule 74.05(d) good cause and meritorious defense standard, and cannot be extended back to review the non-appealable default judgment. Contrary to the concurring opinion's analysis, Rule 84.13(c) does not expand appellate jurisdiction and authorize review of a

pursuant to Rule 74.05(d), not the default judgment itself. Any plain error review of the judgment denying relief under Rule 74.05(d) is necessarily limited to that judgment, not the underlying default judgment, which is not on appeal. Consequently, the legal merits of JCI's defaulted claims that the circuit court's award of punitive damages violated the specific procedures in § 510.261 are not reviewable in this appeal.

## Conclusion

The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge


Ransom, Wilson and Broniec, JJ., concur;
Gooch, J., concurs in separate opinion filed;
Russell, C.J., and Powell, J., concur in opinion of Gooch, J.

---

judgment that is not on appeal. The court of appeals cases that hold or suggest otherwise overlook this point and should not be followed.

The concurring opinion asserts plain error provides both good cause and a meritorious defense for setting aside a default judgment's damage award in an appeal from an independent judgment overruling a Rule 74.05(d) motion. An error in the damage award may buttress the meritorious defense element of a Rule 74.05(d) motion, but it is irrelevant to the separate element of good cause. Rule 74.05(d). An erroneous damage award cannot be good cause for the *preceding* failure to answer or otherwise defend the lawsuit.

The concurring opinion also cites *Lewellen v. Franklin*, 441 S.W.3d 136, 144 (Mo. banc 2014), for the proposition "[c]ourts must review punitive damages awards and consider the reprehensibility of the defendant's misconduct, the disparity between the harm and the award, and the difference between the award and civil penalties authorized or imposed in comparable cases." That is true when, unlike in this case, the defendant did not default and then preserved and raised the issue on appeal.

Finally, the concurring opinion claims that limiting plain error review to the judgment actually on appeal will incentivize parties to obtain plainly erroneous damage awards in default judgments. This hypothetical policy concern assumes plain error review is the only possible avenue for relief and that circuit courts will not require proof of damages and apply the law to the facts at the hearing regarding damages. Neither assumption is warranted.

12



**SUPREME COURT OF MISSOURI**
**en banc**

DAVID STEELE,                    )
                                 )
      Respondent,               )
                                 )
v.                               )        No. SC100193
                                 )
JOHNSON CONTROLS, INC.,          )
                                 )
      Appellant.                )

**CONCURRING OPINION**

I concur in the principal opinion's holding that the circuit court did not abuse its discretion in concluding JCI failed to establish good cause or a meritorious defense for setting aside the default judgment. I write separately to emphasize the possibility of plain error review remains available in the context of certain default judgments, including for damages awards in a default judgment, when, as in this case, a timely motion to set aside the default judgment has been filed under Rule 74.05(d).[1]

As the principal opinion notes, this Court has held "a default judgment is not appealable in the absence of a motion to set aside or vacate." *Vonsmith v. Vonsmith*, 666

---

[1] All statutory references are to RSMo Supp. 2020, and all rule references are to Missouri Court Rules (2022).

S.W.2d 424, 424 (Mo. banc 1984); *see also Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985) (same). This Court's settled rule in that regard is not at issue as there is no dispute JCI timely filed a Rule 74.05(d) motion to set aside the default judgment. Because JCI timely moved to set aside the default judgment under Rule 74.05(d), there is no question this Court has jurisdiction to consider on appeal JCI's claims of error related to the circuit court's refusal to set aside the default judgment, including, in this Court's discretion, claims of plain error under Rule 84.13(c) related to the circuit court's failure to set aside the default judgment.[2]

As the principal opinion notes, a party must show both good cause and a meritorious defense to set aside a default judgment under the plain language of Rule 74.05(d). The principal opinion correctly finds the circuit court did not abuse its discretion in finding JCI did not prove good cause to excuse the default. The principal opinion also determines, however, JCI's claims sought under plain error review "are not subject to plain error review." JCI raised claims for the first time on appeal alleging the circuit court plainly erred in awarding Steele punitive damages because Steele did not follow the procedures required by section 510.261.5 and did not prove punitive damages

---

[2] *See* sec. 512.020 (authorizing the right to appeal as to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, … to a court having appellate jurisdiction"). Rule 84.13(c) provides: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *See, e.g.*, *Barney*, 688 S.W.2d at 361 (Donnelly, J., concurring) ("Plain error review of questions of law arising in a default judgment proceeding would accordingly require that a timely motion to vacate or set aside the judgment have been filed in the trial court to establish appellate jurisdiction.").

by clear and convincing evidence as required by section 510.261.1.  JCI asserts these clear violations of section 510.261 provide a meritorious defense for setting aside the $600,000 punitive damages award portion of the default judgment and amount to manifest injustice or miscarriage of justice requiring plain error review.[3]

JCI makes no attempt to address the good cause requirement under Rule 74.05(d), which is fatal to its request for plain error review.  JCI cannot satisfy the good cause requirement for the reasons set out in the principal opinion *and* because it did not facially allege, much less establish, a manifest injustice or miscarriage of justice constituting good cause for setting aside the default judgment.

Even had JCI made a sufficient request for discretionary plain error review, it still would have had significant hurdles to overcome.  Plain error review is discretionary and "rarely granted in civil cases." *Bridegan v. Turntine*, No. SC99700, 2023 WL 4201544, at *2 n.6 (Mo. banc June 27, 2023) (internal quotation omitted).  "Moreover, a plea for plain error review would have to show the trial court committed error that is evident, obvious and clear and where the error resulted in manifest injustice or a miscarriage of justice." *Id.* (internal quotation omitted).  "A manifest injustice or miscarriage of justice is one that is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id.* (internal quotation omitted).  The

---

[3] For example, JCI alleged: "Here, JCI's challenge to the punitive damages award … supplies an additional basis constituting a meritorious defense under Rule 74.05(d). Because this meritorious defense could have been raised in JCI's 75.04(d) [sic] motion, JCI is entitled to plain error review of the court's error."

principal opinion, therefore, would have been well within its discretion to decline to engage in plain error review.

In determining these claims are unavailable for plain error review under Rule 74.05(d), the principal opinion goes too far. Missouri law permits plainly erroneous damages awards to be set aside on appeal, even when those damages awards are part of a default judgment. *See McGee ex rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587-89 (Mo. App. 2013) (affirming the overruling of a motion to set aside a default judgment but granting plain error review and setting aside a damages award when the circuit court held no damages hearing for an unliquidated sum); *Ct. of 5 Gardens Condo. Ass'n v. 10330 Old Drive, LLC*, 326 S.W.3d 834, 838-39 (Mo. App. 2010) (same); *Duvall v. Maxey*, 249 S.W.3d 216, 224 (Mo. App. 2008) (affirming the overruling of a motion to set aside a default judgment but granting plain error review and setting aside a damages award when "[t]he court lacked evidence as to the extent of actual damages and, accordingly, also lacked evidence as to some of the factors on which to base an award of punitive damages in accordance with due process standards"); *see also Washington v. Sioux Chief Mfg. Co.*, 662 S.W.3d 60, 80 (Mo. App. 2022) (affirming the overruling of a motion to aside a default judgment entered as a discovery sanction but granting plain error review and setting aside a damages award in excess of caps imposed by section 213.111.4 and remanding for a new damages award not exceeding the cap).[4]

_____

[4] The principal opinion's observation that the default in *Washington* amounted to a judgment on the merits makes *Washington* no less instructive. The grant of plain error review in *Washington* is arguably more compelling given the standard for setting aside a judgment on the merits is even more stringent than the standard for setting aside a default

4

Although these cases predate the principal opinion, their holdings are no less valid. In each case, a plainly erroneous damages award had to be set aside because, tracking the principal opinion's analysis, *the plain error provided both good cause and a meritorious defense requiring the setting aside of the damages portion of the judgment even when a party did not establish good cause or a meritorious defense requiring the setting aside of the liability portion of the default judgment.* The same remains true today. A damages award made without a hearing, a damages award in violation of due process, or a damages award in violation of statutory caps, for example, would be an evident, obvious, and clear error resulting in manifest injustice or miscarriage of justice, and this plain error would provide both good cause and a meritorious defense for setting aside the damages award.[5] In such extreme cases, the manifest injustice resulting from the damages award would satisfy the Rule 74.05(d) good cause requirement, and the evident, obvious, and clear error in awarding damages would establish the self-evident meritorious defense. *See, e.g.*, *Lewellen v. Franklin*, 441 S.W.3d 136, 144 (Mo. banc 2014) ("Courts must

---

judgment under Rule 74.05(d). *See Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994) ("Recognizing that there is much greater liberality in reopening a judgment after a default than in reopening a judgment that comes after a hearing on the merits, Ms. Cotleur seeks to bring her appeal within the purview of the default provisions of *Rule 74.05*.").

[5] Those examples are not this case. Further, clearly the better path would be to challenge any damages award in a motion to set aside the default judgment instead of relying on discretionary plain error review. The motion to set aside the default judgment should indicate that the party seeking to set aside the default judgment is not challenging the underlying default judgment itself (from which there is no right to appeal due to the default, as the principal opinion indicates), but is alleging the erroneous damages award (perhaps among other factors) provides good cause and a meritorious defense to set aside the default judgment.

review punitive damages awards and consider the reprehensibility of the defendant's misconduct, the disparity between the harm and the award, and the difference between the award and civil penalties authorized or imposed in comparable cases." (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-75 (1996))); *Poage v. Crane Co.*, 523 S.W.3d 496, 525 (Mo. App. 2017) ("Courts have a *mandatory* duty to reduce a verdict if it is unconstitutional and violates a defendant's due process."); *Duvall*, 249 S.W.3d at 224 (setting aside a default judgment based on a plainly erroneous damages award because "[t]he court lacked evidence as to the extent of actual damages and, accordingly, also lacked evidence as to some of the factors on which to base an award of punitive damages in accordance with due process standards." (citing *Gore*, 517 U.S. at 575-83)).

The principal opinion's analysis incentivizes parties to obtain plainly erroneous damages awards, which would then be untouchable on appeal. As long as the circuit court did not abuse its discretion in finding a lack of good cause for a party's failure to plead or otherwise defend a properly served petition, plainly erroneous damages awards obtained as a result of a default judgment would be upheld under the principal opinion's analysis. This Court has never so held, and there is no legal or policy justification now for this broad pronouncement, which fails to account for certain future situations when rare, discretionary plain error review may be invoked to set aside a default judgment, i.e. a damages award made without a hearing, a damages award in violation of due process, or a damages award in violation of statutory caps.

For these reasons, I concur in the principal opinion's decision affirming the circuit court's judgment but do not agree with the principal opinion's plain error analysis.

_____
Ginger K. Gooch, Judge