ST. LOUIS COUNTY, Missouri, Respondent,

v.

Richard F. BERCK, and All American Painting, L.L.C., Appellants.

No. ED 93958.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 12, 2010.

624

Robert Denlow, Paul G. Henry, Denlow and Henry, St. Louis, MO, for Appellants.

Paul J. Puricelli, Julie L. Brothers, Stone, Leyton & Gershman, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Richard F. Berck and All American Painting (hereafter collectively referred to as Berck) appeal from the trial court's Order and Judgment dismissing the condemnation petition filed by St. Louis County (County) for lack of jurisdiction. Berck asserts that County's motion to dismiss constituted an abandonment of the condemnation action under Section 523.040, RSMo 2000,[1] and that he is entitled to seek certain benefits, including interest, under the condemnation statutes as a consequence of that abandonment. Berck argues that the trial court erred when it failed to treat County's motion to dismiss as abandonment, and instead dismissed the condemnation action for lack of jurisdiction. Because the trial court retained jurisdiction over the condemnation action after County abandoned the action by filing its motion to dismiss, we reverse the trial court's judgment of dismissal and remand this matter to the trial court for a determination of Berck's rights to an award of interest under the condemnation statutes.

## Factual Background

On July 13, 2004, the St. Louis County Council (the County Council) passed Ordinance Nos. 21,949 and 21,950 approving a Tax Increment Financing redevelopment plan and project known as Northpark. County filed a Petition in Condemnation to condemn several parcels within the Northpark redevelopment, including property owned by Berck at 9400 Irvington Avenue and 5337 Glencoe Avenue (the Joint Property). On May 3, 2007, the court-appointed commissioners entered an award in the amount of $935,000 for the Joint Property to be paid by County to Berck as damages for County's taking. Both County and Berck filed exceptions to the award. County did not pay the commissioners' award to either Berck or the clerk of the court.[2]

On October 28, 2009, County filed a Motion to Dismiss its condemnation petition regarding Berck's Joint Property. County contended that the trial court lost jurisdiction over the condemnation petition because Section 99.810.1(3) provides that "no property for a redevelopment project shall be acquired by eminent domain later than five years from the adoption of the ordinance approving such redevelopment project" and more than five years had lapsed since the adoption of the ordinance approving the Northpark redevelopment project. Berck opposed County's Motion to Dismiss and argued that County lacked authority to dismiss its condemnation action, and could only abandon the condemnation proceedings in accordance with Section 523.040. Berck also filed a motion for assessment of interest regarding the Joint Property pursuant to Section 523.045, ask-

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

2. County filed a separate Petition in Condemnation to condemn another parcel owned by Berck at 9330 Irvington Avenue. This petition was heard by a different trial division and is the subject of a separate appeal.

ing the trial court to award him interest at the rate of six percent on the amount of the commissioners' award from the date the commissioners' report was filed up to the date of the abandonment. The trial court did not rule on Berck's motion for assessment of interest, but instead sustained County's motion to dismiss and ordered the matter involving the Joint Property dismissed for lack of jurisdiction on November 9, 2009.

Berck timely filed his Notice of Appeal with this Court on November 13, 2009. This appeal follows.

### Point on Appeal

In his sole point on appeal, Berck alleges that the trial court erred in sustaining County's Motion to Dismiss the condemnation petition because once a commissioners' award is made, abandonment is the only means of terminating a condemnation action.

### Standard of Review

■ "[W]hen, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes, 'a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo.*'" *George Weis Co. v. Stratum Design–Build, Inc.*, 227 S.W.3d 486, 489 (Mo. banc 2007), *quoting Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003).

### Discussion

The matter before us is a case of first impression involving the interpretation of two separate, yet related statutes involving the taking of private property by the government through statutorily authorized procedures. On appeal, Berck argues that once the commissioners enter an award in a condemnation proceeding brought pursuant to Chapter 523, the case

may be disposed only by a final judgment or a condemnor's election to abandon the proceedings. County argues that because the condemnation at issue was initiated as an eminent domain proceeding under the Real Property Tax Increment Allocation Redevelopment Act, Sections 99.800 et seq. (TIF Act), the trial court lost subject matter jurisdiction to proceed on the merits of the condemnation action after the statutory time requirements for acquiring the property under the TIF Act expired. County contends the trial court properly dismissed the condemnation petition because it lacked jurisdiction to take any other action.

### A. Trial court did not lose subject matter jurisdiction over the condemnation action.

■ In reviewing the trial court's dismissal of this action for lack of jurisdiction, we are guided by the Missouri Supreme Court's pronouncement regarding subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). As noted by the Supreme Court in *Webb*, Missouri courts recognize two types of jurisdiction: personal jurisdiction and subject matter jurisdiction, both of which are based on constitutional provisions. *Id.* at 252. Subject matter jurisdiction is governed by article V of the Missouri Constitution, and is a matter of "the court's authority to render a judgment in a particular category of case." *Id.* at 253. The Missouri Constitution grants "original jurisdiction over all cases and matters, civil and criminal" to the circuit courts. Mo. Const. art. V, sec. 14. Subject matter jurisdiction is derived from the law and cannot be conferred by consent. *State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (1941). When a court lacks subject matter jurisdiction, any action it takes is null and void. *Hightower v.*

*Myers,* 304 S.W.3d 727, 733 (Mo. banc 2010).

A condemnation action is a civil case over which a trial court has constitutionally vested subject matter jurisdiction. *See Webb,* 275 S.W.3d at 254. Accordingly, the trial court was properly vested with subject matter jurisdiction over County's petition for condemnation. County argued the trial court lost subject matter jurisdiction over the condemnation proceeding once County failed to acquire the property at issue within five years of the adoption of the ordinance approving the TIF redevelopment project as required under Section 99.810.1(3) of the TIF Act. The trial court agreed with County's argument and dismissed the condemnation petition for lack of jurisdiction. In so doing, the trial court misconstrued a circuit court's lack of subject matter jurisdiction from separate and distinct statutorily imposed limitations on a circuit court's authority to grant relief in a particular case. A circuit court's statutory authority to act differs from a circuit court's constitutionally granted subject matter and personal jurisdiction. *Hightower,* 304 S.W.3d at 733. Accordingly, while the language of Section 99.810.1(3) in the TIF Act may preclude the trial court from allowing County's acquisition of property by condemnation more than five years after the adoption of the ordinance approving the Northpark redevelopment, this statutory limitation does not deprive the trial court of its constitutionally vested subject matter jurisdiction over the condemnation action.

County cites the Supreme Court's ruling in *State ex rel. Broadway–Washington Assocs., Ltd. v. Manners,* 186 S.W.3d 272 (Mo. banc 2006), as support for its claim that the trial court lacked jurisdiction and was required to dismiss the condemnation action after five years had passed from the adoption of the Northpark redevelopment ordinance. Indeed, the facts in *Broad-*

*way–Washington* are analogous to those presented here, and the Supreme Court expressly held that the circuit court was without jurisdiction to enter an order of condemnation where the property at issue was not acquired within five years after the passage of the ordinance approving the redevelopment project. While we understand County's desire to rely on *Broadway–Washington,* 186 S.W.3d at 272, we are no longer guided by Broadway–Washington in light of the Supreme Court's 2009 holding in *Webb,* 275 S.W.3d at 252. *Broadway–Washington* was decided prior to the *Webb* Court's clarification of subject matter jurisdiction, and *Webb* emphatically distinguishes between a circuit court's statutory limitation to act as opposed to a lack of jurisdiction. 275 S.W.3d at 252–54. This distinction is critical to our analysis of the trial court's Order and Judgment. Following the dictates of *Webb,* this Court holds that Section 99.810.1(3) of the TIF Act does not strip a circuit court of its subject matter jurisdiction to act in a condemnation case. 275 S.W.3d at 254. Accordingly, the trial court erred in concluding that it lacked jurisdiction to exercise its statutory authority under the condemnation statutes and in dismissing County's petition for condemnation.

**B. TIF Act does not limit trial court's authority to act under the condemnation statutes.**

Having decided that the trial court was properly vested with subject matter jurisdiction over the condemnation action, we next determine whether the trial court's dismissal of the condemnation petition can be supported on grounds that the trial court did not have statutory authority to proceed with the case. In particular, we consider whether Section 99.810.1(3) of the TIF Act, which precludes County's acquisition of the parcels at issue, mandates the immediate termination of the

condemnation action, thereby denying the trial court the authority to take any action other than dismissing the condemnation petition. Berck contends that, as a property owner, he is afforded certain protections under the condemnation statutes set forth in Chapter 523. Berck argues the trial court erred in dismissing the action because the statutory provisions relating to the "abandonment" of a condemnation action govern County's condemnation petition. Berck concedes that County lost the power to acquire title to Berck's property in July 2009, five years after the TIF redevelopment project ordinance was adopted, but asserts that County's loss of power to acquire title to his property does not divest the trial court of subject matter jurisdiction over the condemnation petition, or of its authority to award interest under the abandonment provisions of Chapter 523. We agree that the trial court erred by not treating the County's motion to dismiss as an abandonment and failing to accord Berck the corresponding rights granted him as a property owner under Chapter 523.

 In determining the meaning of a statute, "the primary rule is to consider words in their plain and ordinary meaning." *StopAquila.org v. City of Peculiar,* 208 S.W.3d 895, 902 (Mo. banc 2006). "[I]t is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed." *Cook Tractor Co., Inc. v. Dir. of Rev.,* 187 S.W.3d 870, 873 (Mo. banc 2006). Even when a case involves statutes from separate chapters of the Revised Statutes, we consider statutes relating to the same subject matter *in pari materia,* meaning that we must "interpret and apply statutory provisions with reference to each other to determine legislative intent." *Allright Props., Inc. v. Tax Increment Fin. Comm'n,* 240 S.W.3d 777, 779 (Mo. App. W.D.2007). With this guidance, we look to the language of both the TIF Act and the condemnation statutes.

 County's Motion to Dismiss was based on Section 99.810.1(3) of the TIF Act. The TIF Act was enacted to foster urban renewal of blighted areas by permitting tax abatements to assist the financing of redevelopment of these areas. *Meramec Valley R–III Sch. Dist. v. City of Eureka,* 281 S.W.3d 827, 829 (Mo.App. E.D.2009). The TIF Act authorizes a city or municipality to utilize eminent domain to take property to facilitate redevelopment, and undertake a redevelopment project under certain conditions laid out in Section 99.810. *Id.* Section 99.810.1(3) provides that

> no ordinance approving a redevelopment project shall be adopted later than ten years from the adoption of the ordinance approving the redevelopment plan under which such project is authorized and provided that no property for a redevelopment project shall be acquired by eminent domain later than five years from the adoption of the ordinance approving such redevelopment project.

 While Section 99.810.1(3) of the TIF Act focuses exclusively on the use of tax increment financing in redevelopment areas, Chapter 523 of the Revised Statutes of Missouri authorizes the use of condemnation proceedings for the appropriation of land within the state for any public purpose. The application of Chapter 523 is not limited to the use of eminent domain in TIF redevelopment areas and the TIF Act does not require the use of condemnation proceedings. Although the TIF Act and condemnation statutes share a common application in certain factual situations, each statute has an application, function and purpose separate from the other.

Section 523.040.1 specifically regulates condemnations, requiring the appointment of commissioners to assess the damages

sustained by the owner of the property being taken. Section 523.040.1 further requires the commissioners to file with the court a report assessing such damages. While this statute provides for the transfer of the interest in the property upon the condemning authority's payment of the commissioners' award of damages, the statute also allows the condemning authority to avoid paying damages by abandoning the condemnation under certain circumstances.

Pertinent to this case, Section 523.045 authorizes the payment of interest on awards of damages owed by the condemnor to the owners of the condemned property. This provision states that if the condemnor has not paid the damages award, "nor timely filed its written election to abandon the proposed appropriation of said property or rights" within thirty days after the filing of the commissioners' report, "then interest on the amount of any subsequent verdict for said named persons, or if there be no such verdict, then on the amount of the award, at the rate of six percent per annum from the date of filing the report shall be added to said verdict or award and paid to said named person or to the clerk for them." Section 523.045. The statute further states:

> If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written elections to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemner six percent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by

execution or other appropriate proceeding.

Section 523.045.

■ Missouri Supreme Court Rule 86 mirrors the condemnation statutes outlined, *supra*, and guides condemning authorities on condemnation proceedings within the state. Rule 86.06 discusses the condemnation process, including the appointment of commissioners who assess the damages to property owners resulting from the condemnation. Rule 86.06 requires the commissioners to return to the clerk of the court a report setting the amount of net damages, as well as a description of the property for which the damages are assessed. The rule further states that the condemnor takes possession upon making payment, but,

> upon failure to pay the assessment aforesaid within ten days after it becomes final or, in the case of a municipality, within thirty days thereafter, the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the condemner shall, within said ten or thirty day period, elect to abandon the proposed appropriation of any property, by an instrument in writing to that effect, to be filed with the clerk of such court and entered on the minutes of the court, and to so much as is thus abandoned the assessment of damages shall be void.

Rule 86.06. Furthermore, if such abandonment occurs, "proceedings for the condemnation of the same property shall not be instituted again within two years after such abandonment." Rule 86.06. As we have stated, "[a]lthough Rule 86 governs, its language closely tracks [Section] 523.040, so cases construing the statute are instructive in construing Rule 86." *State ex rel. Missouri Highway and Transp.*

*Comm'n v. Turner,* 857 S.W.2d 293, 296 (Mo.App. W.D.1993).

■■■ Having carefully reviewed all of the applicable statutes, we are not persuaded that the enactment of Section 99.810.1(3) of the TIF Act was intended to vitiate the statutory protections given to property owners under Chapter 523. As recognized by the Supreme Court, the TIF Act makes no reference to the general eminent domain law, Chapter 523, et seq. *City of Arnold v. Homer Tourkakis, et al.,* 249 S.W.3d 202, 207 (Mo. banc 2008) (Teitelman dissenting). We agree with the dissenting judge's statement in *Tourkakis,* that "in passing the TIF act, the legislature assumed that cities seeking to exercise eminent domain as part of a redevelopment project would proceed under the eminent domain powers already granted by applicable eminent domain statutes." *Id.* (Teitelman dissenting).

Section 99.810.1(3) of the TIF Act authorizes the use of tax abatements to support the redevelopment of blighted areas. As such, condemnation and eminent domain are tools sometimes used to facilitate such redevelopment. *Meramec Valley R–III Sch. Dist.,* 281 S.W.3d at 829. However, redevelopment projects authorized under the TIF Act do not necessarily utilize condemnation. While Chapter 523 broadly addresses condemnation proceedings, the step-by-step procedures of condemnation are but one potential piece of the larger TIF project. But for the fact that the taking of the property at issue occurred within the context of the TIF Northpark project, we would summarily reject County's argument that it may seek a dismissal of its condemnation petition without complying with the statutory requirement for abandonment.

We find no language in the TIF Act that allows or dictates any alternative process to abandonment of a condemnation action. Moreover, the language of Section 99.810.1(3) does not expressly preempt the application of condemnation statutes in TIF redevelopments, nor do we find any suggestion of preemption. The condemnation provisions outlined in Chapter 523 were enacted separate and apart from the TIF Act, and do not affect TIF redevelopments that do not utilize eminent domain. We do not view the statutory limitation on a condemning authority's ability to acquire property in a TIF redevelopment as a limitation on the trial court's general authority granted under the provisions of Chapter 523. Having thoroughly reviewed the arguments and applicable law, we reject the argument that Section 99.810.1(3) is in conflict with the abandonment provisions of Chapter 523 or otherwise nullifies the rights and obligations provided by the legislature to property owners under Chapter 523. We hold that the condemnation procedures of Chapter 523 and its consistent Rule 86.06 control. The trial court erred when it dismissed the condemnation petition and failed to consider the abandonment provisions of Chapter 523.

### C. County abandoned its condemnation of the parcels at issue.

■■■ Having found that the abandonment provisions of Chapter 523 apply to County's condemnation action, we now consider whether the statutory prerequisites for abandonment have been met.

■■■ The Missouri Legislature devised a procedure for terminating condemnations, which it termed as "abandonment" in Chapter 523. County posits that even if the abandonment provisions under both Chapter 523 and Rule 86.06 apply, the trial court is without authority to award interest on the unpaid commissioners' award because County has not made an affirmative election to abandon the condemnation action. County argues that it never filed a written election to abandon the condemna-

tion action that is required under both the statute and the rule before a condemnation petition may be considered abandoned by the condemning authority. Berck argues that once the commissioners determine and report the value of the condemned property, the condemnor's options are statutorily limited, and the condemnor must opt to abandon the condemnation, accept the commissioners' award of damages, or file an exception to the commissioners' report. If the condemnor files an exception to the report, the condemnor must either pay the commissioners' award of damages to the property owner or the court, or be subject to the potential assessment of interest charges under Section 523.045. *Crestwood Commons Redevelopment Corp. v. 66 Drive–In, Inc.*, 882 S.W.2d 319, 321–22 (Mo.App. E.D.1994).

The record before us shows that County elected to file exceptions to the commissioners' report, and that County further chose to not pay the commissioners' award of damages to either Berck or the court clerk. Having exercised its right to challenge the commissioners' award and pay nothing to the property owner, County now asserts a purported legal right to seek an outright dismissal of the condemnation proceedings while denying Berck his right to seek interest following abandonment under Chapter 523. We find no legal basis that would allow County or any condemning authority to escape its potential liability for payment of interest under Section 523.045 given the facts as presented in the record, and find County's argument to be a mere game of semantics.

We acknowledge that County did not file any pleading styled or framed in terms of "abandonment." The motion filed by County sought the dismissal of the condemnation action by operation of law because the properties at issue had not been acquired within five years of the adoption of the redevelopment ordinance by the

County Council. County's desired result was to walk away from the condemnation proceedings it initiated in 2006 without paying any money to the property owner. County argues that a motion to dismiss is not the equivalent of abandonment under the law, and the trial court was therefore precluded from considering Berck's rights following abandonment under Section 523.040.1 or Rule 86.06. We disagree.

■ The legal character of a pleading is determined by its subject matter and not its designation. *J.R. Watkins Co. v. Hubbard*, 343 S.W.2d 189, 195 (Mo.App. 1961). We find instructive our opinion in *City of St. Charles v. Imperial Catering Co., Inc.*, 6 S.W.3d 151, 153 (Mo.App. E.D. 1999). In *Imperial Catering Co.*, the city sought to condemn land assessed by the commissioners at $10.2 million. Within thirty days of the filing of the commissioners' report assessing such damages, the city filed a pleading framed as a dismissal without prejudice. The trial court treated the motion to dismiss as abandonment by the condemning authority. On appeal, this Court affirmed the trial court's judgment and held that the city's dismissal of its condemnation action was "tantamount to abandonment" and appropriately governed by Rule 86.06. Accordingly, we held that proscriptions of Rule 86.06 applied, and that proceedings for condemnation of the same property could not be instituted again within two years after such abandonment. *Id.* Here, County argues that our holding in *Imperial Catering Co.* is inapposite because the City of St. Charles agreed that its intent was to abandon the condemnation proceedings. County contends that it did not intend to "abandon" the condemnation action here, but merely asked the trial court to apply Section 99.810.1(3), the law under the TIF Act. We are not persuaded by County's argument.

County's actions reasonably can be viewed as a strategic move designed to circumvent "abandonment" by characterizing its pleading as a motion to dismiss. Regardless of how County titles its pleading or frames its argument, in the final analysis, County filed a pleading with the trial court before which the condemnation action was pending in which County asked the court to release County from its obligation to proceed with the condemnation action and from its obligation to pay the commissioners' award of $935,000. By filing this pleading, County elected to abandon the condemnation proceedings under Section 523.040.1. Just as we held that a city's dismissal of its eminent domain action was "tantamount to abandonment" in *Imperial Catering Co.*, we hold the same here. *Id.* We acknowledge that Section 523.040.1 requires the condemning authority to formally elect to abandon the condemnation of a property by an instrument in writing, and hold that a trial court may treat the condemning authority's motion to dismiss its case as its election to abandon the condemnation petition. Because the substance of County's motion to dismiss is more instructive than its form, we hold that County "elected" to abandon the condemnation proceeding when it filed its motion to dismiss. Accordingly, the trial court erred in dismissing the condemnation proceedings against Berck rather than treating County's motion to dismiss as abandonment. The trial court has both constitutional subject matter jurisdiction and statutory authority under Chapter 523 to consider Berck's rights under Section 523.045. Berck's point on appeal is granted.

### Conclusion

The judgment of the trial court is reversed and remanded with instructions that the trial court enter an order that County has abandoned its condemnation petition in this matter, and determine whether Berck has suffered a deprivation of property rights warranting the award of interest under Section 523.045.

ROBERT G. DOWD, JR., J., and NANNETTE A. BAKER, J., Concur.