

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| THOMAS PLASMEIER, | ) | No. ED106461 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 17SL-CC02481 |
| | ) | |
| RICHARD J. GEORGE, JR., | ) | Honorable Stanley J. Wallach |
| | ) | |
| Respondent. | ) | Filed: January 29, 2019 |

## OPINION

Thomas Plasmeier appeals the trial court's order and judgment setting aside pursuant to Rule 74.05(d)[1] the default judgment that had been entered in his favor against Richard George, Jr. We reverse and remand with directions.

### Background

Appellant Plasmeier, a United States Postal Service mailman, was attacked and bitten by Respondent George's dog when he attempted to deliver mail to George's residence. As a result of the attack, Plasmeier suffered severe injuries.

On July 10, 2017, Plasmeier filed suit against George in the Circuit Court of St. Louis County. After the sheriff was unable to serve George with the summons and petition, the court issued on August 23, 2017 an alias summons and appointed a special process server, Pro Serve

---

[1] All rules references are to the Missouri Supreme Court Rules 2018.

Legal Services. Although George disputes that he was served, an affidavit of personal service was filed by Pro Serve Legal Services on September 29, 2017, evincing that George was personally served on September 23, 2017. As a result, his responsive pleading was due on October 23, 2017.

But George failed to file an answer or enter an appearance by October 23, 2017. So, on October 31, 2017, Plasmeier filed a motion for default judgment and a hearing on the motion was set on November 8, 2017. Following that hearing, Plasmeier was granted an interlocutory default judgment. And on November 28, 2017, after a hearing to determine Plasmeier's damages, the trial court entered its default judgment for damages against George in the amount of $843,966.16.

On December 12, 2017, George's counsel entered his appearance and filed a motion to set aside the default judgment. The motion alleged that George was not personally served on September 23, 2017; it claimed that if he was served he was not served with a copy of the summons and petition together as required by Rule 54.04; and it asserted that he had a meritorious defense to Plasmeier's claimed damages in that he disputed the amount. No affidavit was filed in support of George's motion and the motion was not verified. George's presentation at the hearing consisted solely of his counsel's argument and no sworn testimony or affidavits were submitted.

On January 3, 2018, the trial court granted George's motion to set aside the default judgment. This appeal follows.

## Standard of Review

We review for abuse of discretion the trial court's grant of a Rule 74.05(d) motion to set aside a default judgment. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo.banc 2007). Trial courts are afforded broad discretion to grant such motions and only narrow discretion to deny them. *Id.* at 687.

2

## Discussion

Plasmeier argues that the trial court erred in setting aside the default judgment because the motion failed to satisfy the requirement that a Rule 74.05(d) motion be supported by sworn testimonial evidence in the form of live testimony, affidavit, or a verified petition on the good cause and meritorious defense elements established by Rule 74.05(d). We agree.

Rule 74.05(d) provides that a default judgment may be set aside upon motion stating facts constituting a meritorious defense and for good cause shown. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo.banc 2009). Additionally, Missouri courts have repeatedly and consistently held that some evidence—whether by affidavit, live testimony, or a verified motion—must be put forward supporting Rule 74.05(d)'s good cause and meritorious defense elements in order for a party to get out from under a default judgment. *Court of 5 Gardens Condo. Ass'n v. 10330 Old Drive, LLC*, 326 S.W.3d 834, 837 (Mo.App.E.D. 2010) ("The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion."); *Universal Credit Acceptance, Inc. v. Randall*, 541 S.W.3d 726, 731 (Mo.App.E.D. 2018) ("Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the trial court has no basis for granting the motion."); *Bryant v. Wahl*, 502 S.W.3d 9, 13 (Mo.App.W.D. 2016) ("A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony.").

Here, it is undisputed that George did not produce any affidavit or sworn testimony in support of his motion to set aside the default judgment and the motion itself was not verified. Instead, George's motion makes three entirely conclusory allegations that no service occurred, that service was improper, and disputing the amount of Plasmeier's damages. Accordingly, George

failed to carry his burden under Rule 74.05(d) and the trial court erred in granting George's motion to set aside the default judgment.

We also reject George's argument that the judgment was somehow void *ab initio* because service was improper. George's contention, which is conclusory and without sworn evidentiary support, is that service was improper because (1) it was made 31 days after the summons was issued—Rule 54.21 requires that the summons be served within 30 days of issuance—and (2) that the petition may not have been served with the summons because the return only mentions the summons and does not mention the petition.

George admits that he did not raise this issue before the trial court, and it is therefore not preserved for review. A defending party who wishes to raise the defenses of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process must do so either in a pre-answer motion or in the party's answer. *Stiens v. Stiens*, 231 S.W.3d 195, 199 (Mo.App.W.D. 2007); Rule 55.27(g). The failure to do so results in the waiver of those defenses. Rule 55.27(g). Accordingly, George waived his defense of lack of personal jurisdiction due to insufficient process. *See Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 461 (Mo.App.E.D. 2003).

Even if we found that George had properly raised a jurisdictional defense, his failure to accompany his Rule 74.05(d) motion with any sworn testimonial support likewise defeats his position. As discussed *supra*, motions to vacate must be supported by evidence, whether by affidavit, sworn testimony, or by verified motion. *See McGee ex rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587 (Mo.App.E.D. 2013) ("The City's motion [to set aside default judgment] was deficient . . . because the motion was not verified, and the City failed to present affidavits or sworn testimony to support its contention that the trial court lacked personal jurisdiction over the City.").

4

On its face, the result here may seem harsh. And we recognize the important policies favoring the resolution of lawsuits on the merits and disfavoring default judgments. *See Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo.App.W.D. 2007). Those policies, however, must be considered together with the countervailing and fundamental policy on which the administration of justice rests—that parties obey and respect orders of the court to appear or respond or otherwise to take some action. *See Stradford v. Caudillo*, 972 S.W.2d 483, 486 (Mo.App.W.D. 1998) ("When a litigant chooses to ignore or act in reckless disregard of the rules and procedures set out for the orderly administration of the judicial process, he cannot then be heard to complain when he receives no relief under its rules, particularly Rule 74.05(d).").

Moreover, it bears noting that Rule 74.05(d) was amended in 1993 to substantially relax the defaulted party's burden to get out from under a default. The rule now defines "good cause" leniently as "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process," whereas previously Rule 74.05 left "good cause" undefined but the burden was heavier than it is now in that the movant had to demonstrate "freedom from negligence" and that there would be "no substantial injury to the plaintiff from delay." *See Robson v. Willers*, 784 S.W.2d 893, 896 (Mo.App.W.D. 1990) (applying such requirements prior to the 1993 amendment to Rule 74.05). In that sense, the policy disfavoring default judgments has been addressed by making the procedure and burden to obtain relief from a default uncomplicated and relatively easy to obtain. So, when viewed in this context, the result here is just in that George not only defaulted but he then failed to adhere to Rule 74.05's straightforward and relatively unburdensome requirements.

Therefore, the judgment is reversed, and the cause is remanded for reentry of the default judgment that the trial court set aside.

5

_____
James M. Dowd, Judge

Kurt S. Odenwald, P.J., and
Colleen Dolan, J., concur.

6