

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| LAURA KELLY-PATEL, | ) | No. ED107572 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| DAVE WENSEL and MIKE WENSEL, | ) | 1411-SC00129-01 |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable Ted House |
| and | ) | |
| | ) | |
| BANK OF OLD MONROE, | ) | |
| | ) | Filed: October 01, 2019 |
| Respondent. | ) | |

### Opinion

Laura Kelly-Patel ("Kelly-Patel") appeals from the trial court's judgment setting aside a default judgment entered in her favor and against Bank of Old Monroe ("Bank"). The judgment vacated an award previously entered in Kelly-Patel's favor from a garnishment proceeding. Kelly-Patel contends the trial court erred in setting aside the default judgment because Bank failed to satisfy the requirements of Rule 74.05(d),[1] namely good cause for failing to timely

---

[1] All rule references are to Mo. R. Civ. P. (2018), unless otherwise indicated.

answer Kelly-Patel's interrogatories and a meritorious defense to the garnishment action. We reverse and remand for proceedings in accordance with this opinion. [2]

## Background

A small claims judgment was entered in favor of Kelly-Patel and against Defendants Michael and David Wensel ("Wensels"), jointly and severally for $4,738.75. After a judgment debtor's examination of the Wensels, two garnishments were issued to Bank on November 7, 2017, along with their respective garnishment interrogatories. Both garnishment orders were served on Bank on November 14, 2017, at its O'Fallon, Missouri address. The return dates for both garnishments were December 7, 2017. Bank failed to answer the interrogatories.[3] Kelly-Patel filed exceptions to Bank's "non-response" to the interrogatories on October 17, 2018. After a hearing on these exceptions on October 29, 2018, the trial court entered a default judgment against Bank for $6,040.91.

On November 14, 2018, Bank filed a motion to set aside the default judgment and order pursuant to Rule 74.05(d). In support, Bank stated it had shown good cause why the judgment should be set aside and that Bank had a meritorious defense because "Plaintiff failed to follow the Supreme Court Rules to obtain a proper judgment upon the garnishee [Bank]." After argument,[4] the trial court took Bank's motion under advisement. On January 10, 2019, the trial court granted Bank's motion and issued an order vacating the October 2018 default judgment "for good cause shown." This appeal follows.

---

[2] Bank filed a motion to supplement the legal file, which Kelly-Patel opposed. We ordered the motion taken with the case. We grant Bank's motion.

[3] We note that, in a letter from Bank to Kelly-Patel's counsel on October 29, 2018, Bank stated that the set of garnishment interrogatory answers for Mike Wensel was mailed to Kelly-Patel's counsel's office and the court on December 7, 2017, the return date of the garnishment. However, the purported answers are not dated and there is no filing or notation in the trial court's record of these answers, before their filing on November 1, 2018. There is no dispute that Bank failed to file answers to the interrogatories for Dave Wensel.

[4] This hearing was not on the record.

<u>Motion to Dismiss</u>[5]

Following Kelly-Patel's notice of appeal, this Court ordered her to show cause why this appeal should not be dismissed for lack of a final, appealable judgment because the January 2019 order was not titled a "judgment." Kelly-Patel then filed a motion to denominate the January 2019 order as a judgment, nunc pro tunc. On March 18, the trial court granted Kelly-Patel's motion and entered an order stating the January 2019 order "is and shall be denominated a 'judgment[.']" Kelly-Patel filed a response to the show cause order and submitted the trial court's March 18 order in a supplemental legal file. This Court then issued an order finding "there is now a judgment that complies with Rule 74.01(a)." In its order this Court noted that, "[w]hile the better practice would have been for the trial court to simply denominate the actual order in question as a judgment, it is clear he intends for the January 10th order to be a judgment." Nevertheless, Bank filed a subsequent motion to dismiss this appeal due to lack of a final, appealable judgment. Kelly-Patel did not file an independent response to Bank's motion and instead responded in Point II of her appellate brief. This Court entered an order directing Bank's motion to dismiss be taken up with the merits of this appeal.

Under Rule 74.05(d), a motion to set aside a default judgment is an independent proceeding and, as such, a judgment denying such motion is eligible for immediate appellate review. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 708-09 (Mo. App. W.D. 2011). However, a judgment denying a motion to set aside a default judgment must still meet the

---

[5] Because we lack jurisdiction without a final, appealable judgment, we address this point first. *See Velocity Invs., LLC v. Korando*, 291 S.W.3d 322, 323 (Mo. App. E.D. 2009) ("To invoke appellate jurisdiction, the order of the trial court must be a final judgment").

requirements of a judgment under Rule 74.01(a) to be properly appealable.[6] *Cook v. Griffitts*, 498 S.W.3d 855, 858 (Mo. App. W.D. 2016). Rule 74.01(a) provides in relevant part that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Mo. R. Civ. P. 74.01(a).

It is clear the trial court's original January 2019 order did not meet Rule 74.01(a)'s final judgment requirements. However, the trial court's March 18 order retitled the January order a "judgment" under the mistake-correcting nunc pro tunc process codified in Rule 74.06(a). Although "[t]he *nunc pro tunc* process is generally an inappropriate mechanism to convert an order into a judgment," an appeal may proceed when it is clear the trial court intended to finalize the judgment for purposes of appeal by entering a nunc pro tunc order denominating a previous order as a judgment. *Chastain v. Geary*, 539 S.W.3d 841, 846 (Mo. App. W.D. 2017). Here, the trial court manifested clear intent that the January 10 order be a judgment that was final for purposes of appeal; at the time of the trial court's March 18 order stating the January 10 order "is and shall be" a judgment, the trial court was well aware of the appeal taken from that order.

To the extent Bank argues the trial court's judgment vacating the default judgment is not a final, appealable judgment because "Appellant still has the opportunity to obtain proper relief under the Missouri Supreme Court Rules," this argument is misplaced. A motion to set aside a default judgment pursuant to Rule 74.05(d) is an independent proceeding. Thus, that independent proceeding may have a final, appealable judgment without resolving all of the underlying issues between the parties. Because the default judgment was vacated and the

---

[6] We recognize the Missouri Supreme Court's recent decision in *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758 (Mo. banc 2019). The *Meadowfresh* court did not address the applicability of Rule 74.01(a)'s requirements to denials of Rule 74.05(d) motions, and therefore does not affect our analysis.

garnishment proceeding would have continued on the merits of this case, the issues between the parties remain unresolved.

Because the January 10 order[7] was intended as a final, appealable judgment and is now denominated as such, we deny Bank's motion to dismiss.[8]

Discussion

Point I

In her first point on appeal, Kelly-Patel contends the trial court erred in setting aside the default judgment because Bank failed to satisfy the requirements of Rule 74.05(d). Specifically, Kelly-Patel argues Bank's motion to set aside the judgment was unverified and not supported by any evidence, testimony, or affidavits establishing good cause and a meritorious defense. We agree.

We review a trial court's decision on a Rule 74.05(d) motion to set aside a default judgment for abuse of discretion. *In re marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). Because public policy favors resolution on the merits, Missouri appellate courts afford trial courts broader discretion when granting a motion to set aside a default judgment than when denying such a motion. *Id.*; *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686-87 (Mo. banc 2007).

Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." Mo. R. Civ. P. 74.05(d).

---

[7] A final, appealable judgment was entered in this case on the date of the trial court's March 18 order nunc pro tunc. *See Chastain v. Geary*, 539 S.W.3d 841, 847 (Mo. App. W.D. 2017). Although this date renders Kelly-Patel's notice of appeal premature, a premature notice of appeal "shall be considered as filed immediately after the time the judgment becomes final for the purposes of appeal." Mo. R. Civ. P. 81.05(b) (2019); *see also Coleman v. Coleman*, 187 S.W.3d 331, 333 (Mo. App. E.D. 2006) (citing Rule 81.05(b)).

[8] Additionally, we note it is improper for Bank to attack the merits of the trial court's judgment setting aside the default judgment or the propriety of the garnishment action itself in this motion to dismiss challenging the lack of a final, appealable judgment. Similarly, we cannot consider the affidavit from Bank's CFO attached to the motion because it was not first presented to the trial court, and it does not support the narrow issue on this motion to dismiss.

5

"Where the motion to set aside the default judgment lacks facts relevant and material to a showing of good cause and a meritorious defense, a defendant is not entitled to have a default judgment set aside." *McGee v. City of Pine Lawn*, 405 S.W.3d 582, 586 (Mo. App. E.D. 2013). Bare conclusory statements fail to meet Rule 74.05(d)'s pleading standard. *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 458 (Mo. App. E.D. 2003). Further, a motion to set aside a default judgment under Rule 74.05(d) "does not prove itself" and must be verified or supported by proper affidavits or sworn testimony. *In re marriage of Callahan*, 277 S.W.3d at 644; *Saturn of Tiffany Springs*, 331 S.W.3d at 713 ("[N]otwithstanding Rule 74.05(d)'s facial silence on the subject, … it requires motions to set aside default judgments to be supported by verification, by affidavits, or by sworn testimony, establishing facts (not conclusory statements) sufficient to permit a trial court to find good cause and a meritorious defense"). In fact, "[e]ven if a motion contains sufficient allegations of fact to support setting aside a judgment, the motion cannot normally be granted unless it is verified, or supported by affidavits or sworn testimony …." *Bryant v. Wahl*, 502 S.W.3d 9, 13 (Mo. App. W.D. 2016) (internal quotation omitted). The moving party bears the burden of convincing the trial court it is entitled to have the default judgment set aside. *Hinton*, 99 S.W.3d at 458.

Here, the trial court's decision granting Bank's motion to set aside the default judgment in the absence of verification, affidavits, or sworn testimony was an abuse of discretion. This Court's decision in *Plasmeier v. George* controls. 575 S.W.3d 485 (Mo. App. E.D. 2019). In *Plasmeier*, this Court found an abuse of discretion when the trial court granted a Rule 74.05(d) motion to set aside a default judgment that was unverified and not supported by any affidavit or sworn testimony. *Id.* at 487. There was no dispute that the movant did not produce any affidavit or sworn testimony in support of his motion and the motion itself was unverified. *Id.* Movant's

6

motion only contained "three entirely conclusory allegations that no service occurred, that service was improper, and disputing the amount of [Appellant's] damages." *Id.* Because movant failed to follow Rule 74.05(d)'s requirements, this Court found the trial court abused its discretion in granting movant's motion to set aside the default judgment. *Id.* at 488.

Here, like in *Plasmeier*, it is undisputed that Bank neither produced affidavits or sworn testimony nor verified its motion. However, Bank contends the legal file before the trial court was sufficient, competent evidence on which the trial court could properly base its decision to vacate the default judgment. We reject this argument as contrary to established Missouri precedent specifically requiring a verified motion, proper affidavit, or sworn testimony. *See Plasmeier*, 575 S.W.3d at 487 (collecting cases); *see also Court of 5 Gardens Condo. Ass'n v. 10330 Old Olive, LLC*, 326 S.W.3d 834, 837 (Mo. App. E.D. 2010) ("Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the circuit court has no basis for granting the motion") (internal quotation omitted).

Further, Bank's motion to set aside the default judgment contained only vague assertions and conclusory statements that are insufficient to show good cause or a meritorious defense. *See Plasmeier*, 575 S.W.3d at 487. Bank's meritorious defense and good cause were alleged together in four paragraphs that: (1) quoted Rule 90.08 without any supporting facts or arguments; (2) noted the time for filing exceptions under Rule 90.07(c) is twenty days after service of answers or return date of the writ; (3) stated Kelly-Patel's exceptions were served on Bank's O'Fallon branch, which was not the bank branch listed on Casenet; and (4) noted Bank "provided information to [Kelly-Patel's] counsel regarding the answers to such Interrogatories that answers were served on one set of Interrogatories which were served on a garnishment for

this case on the same date."[9]  The motion failed to explain how these conclusory statements constituted good cause or a meritorious defense and failed to allege any specific supporting facts. These statements are insufficient to meet Bank's burden of establishing its entitlement to have the default judgment set aside.

Because Bank's motion wholly failed to meet Rule 74.05(d)'s pleading requirements, it was not entitled to have the default judgment set aside and we must reverse the trial court.  *See Snelling v. Reliance Auto., Inc.*, 144 S.W.3d 915, 918 (Mo. App. E.D. 2004).  As the *Plasmeier* court noted, "[o]n its face, the result here may seem harsh."  *Plasmeier*, 575 S.W.3d at 488. However, while recognizing Missouri courts disfavor default judgments, we cannot disregard "the countervailing and fundamental policy on which the administration of justice rests—that parties obey and respect orders of the court to appear or respond or otherwise to take some action."  *Id.*; *see also Irvin v. Palmer*, __ S.W.3d __, 2019 WL 1997615 at *4 (Mo. App. E.D. 2019) ("[A]lthough the law favors a trial on the merits, …  the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof").  Here, Bank defaulted by failing to answer interrogatories as required by Rule 90.07(b) and subsequently "failed to adhere to Rule 74.05's straightforward and relatively unburdensome requirements."  *Plasmeier*, 575 S.W.3d at 488.  This failure is fatal to Bank's motion to set aside the default judgment.

Point I is granted.[10]

---

[9] The "information" referenced is a letter from Bank to Kelly-Patel's counsel on October 29, 2018, the same day that default judgment was entered.  Answers to one set of garnishment interrogatories were attached to this letter, which purportedly had been mailed to Kelly-Patel's counsel's office on December 7, 2017, the return date of the garnishment.

[10] Bank also argues the trial court lacked subject matter jurisdiction over this garnishment proceeding due to Kelly-Patel's failure to follow proper procedures to obtain a default judgment under Rule 90.  In support, Bank primarily cites to *Miller v. N. Am. Ins. Co.*, 195 S.W.3d 529, 530 (Mo. App. W.D. 2006) (finding the trial court lacked jurisdiction over a garnishment action when garnishor failed to file exceptions within the time limit proscribed by the rules and, therefore, the appellate court likewise lacked jurisdiction to hear the appeal).

<u>Conclusion</u>

The trial court's judgment is reversed and the cause remanded to the trial court for reentry of the default judgment in favor of Kelly-Patel.

_____
Robin Ransom, J.

James M. Dowd, P.J., and
Gary M. Gaertner, Jr., J., concur.

---

Reliance on *Miller*'s jurisdictional analysis is misplaced, because it was decided before our Supreme Court's clarification of jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), which "emphatically distinguishe[d] between a circuit court's statutory limitation to act as opposed to a lack of jurisdiction." *St. Louis Cty. v. Berck*, 322 S.W.3d 622, 627 (Mo. App. W.D. 2010). To the extent that Bank argues the trial court lost jurisdiction because Kelly-Patel failed to follow the procedures of Rule 90, this argument fails under our understanding of jurisdiction after *Webb*. *Webb* clarified that two types of jurisdiction exist in Missouri, both of which are constitutionally derived: subject matter and personal jurisdiction. *Webb*, 275 S.W.3d at 252-54. The Missouri constitution provides that circuit courts have "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. art. V, sec. 14. Thus, the only question affecting subject matter jurisdiction is whether the case at issue is civil or criminal. *Webb*, 275 S.W.3d at 254. Statutory limitations and procedural restrictions do not affect this analysis. *Id.*; *see also AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 660 (Mo. App. E.D. 2009) ("While a circuit court's authority to render a 'particular' judgment in a 'particular' case may be limited by statute or otherwise, this limitation does not call into question the court's subject matter jurisdiction, but only the court's limited authority to act in the particular case at hand"). Failure to follow procedural requirements does not divest a court of subject matter jurisdiction, best understood as the court's authority to hear the general issue presented; instead, this failure merely affects the court's authority to render a judgment in that particular case. *See, e.g.*, *AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 660 (Mo. App. E.D. 2009); *Berck*, 322 S.W.3d at 627 (finding the trial court erred in dismissing a condemnation case after concluding it lacked jurisdiction due to a statutory limitation); *Karrenbrock Constr., Inc. v. Saab Auto Sales & Leasing, Inc.*, 540 S.W.3d 899, 902 (Mo. App. E.D. 2018) (distinguishing jurisdiction from "jurisdictional competence" after *Webb*, and finding the trial court had jurisdiction over a mechanic's lien action despite respondent's failure to follow statutory pleading and evidence requirements). Accordingly, any failure of Kelly-Patel to follow the requirements of Rule 90 and Chapter 525, RSMo., does not implicate the trial court's subject matter jurisdiction.