

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| LIORA TECH, INC., | ) | No. ED110668 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-CC03923 |
| | ) | |
| UNITED MEDICAL NETWORK, INC., | ) | Honorable Bruce F. Hilton |
| and ALAN M. KNELLER, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 14, 2023 |

### Introduction

Appellant Liora Tech, Inc. appeals the trial court's judgment setting aside the default judgment entered in Liora Tech's favor against Respondents United Medical Network, Inc. (UMN) and Alan Kneller (collectively, Respondents). Liora Tech argues the trial court abused its discretion in finding good cause to set aside the default judgment. We affirm the trial court's judgment setting aside the default judgment.

### Background

Viewed in the light most favorable to the judgment, *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 478 (Mo. App. E.D. 2022), the facts are as follows.

On August 26, 2021, Liora Tech filed a petition against UMN and Kneller, its President and CEO, alleging breach of contract and breach of the covenant of good faith and fair dealing. The petition was served on Kneller in Florida, where he resided, on September 20, 2021.

After receiving the petition, Kneller directly contacted Moises Zaragoza, the owner of Liora Tech, by telephone to inquire about the lawsuit. Zaragoza informed Kneller that he filed the lawsuit just to "get his attention" and he would not be pursuing it. Zaragoza assured Kneller that he did not need to hire an attorney or file a response. Following this conversation, Zaragoza and Kneller entered into settlement negotiations that continued into November 2021. Though no settlement was reached, Liora Tech sent UMN monthly invoices from October 2021 through February 2022, which Kneller apparently took as indicative of the settlement negotiations. Meanwhile, each time Kneller asked Zaragoza about the lawsuit, Zaragoza reassured Kneller he was not pursuing the lawsuit.

On November 8, 2021, Liora Tech filed a motion for entry of interlocutory default judgment. On November 17, 2021, Liora Tech filed a proposed Entry of Interlocutory Order of Default and Setting for Hearing on Damages and for Entry of Judgment of Default. The motion and proposed order were mailed to Respondents in Florida.

A hearing on Liora Tech's damages and for entry of default judgment was set for December 3, 2021. On that morning, Kneller met with his accountant, Robert Clark, on unrelated matters. During the meeting, Kneller mentioned the dispute with Liora Tech and showed Clark the documents he had received. Upon reviewing the documents, Clark recognized that a hearing for default judgment had been set for that morning and informed Kneller it was important that he attend. Kneller, purportedly not understanding the ramifications of such a hearing, reassured Clark that he had been in contact with Zaragoza, who told him that he was not pursuing the

lawsuit and Kneller did not need to appear for any hearings or hire an attorney. Clark nonetheless immediately called the office of Liora Tech's counsel to request the logon information for the hearing and left a message that Kneller was attempting to log on to the hearing. Ultimately, neither Kneller nor Clark logged on to the hearing.

Following the hearing, at which the trial court gave Liora Tech one week to submit evidence of damages, Liora Tech's counsel returned Clark's phone call. Clark informed Liora Tech's counsel of Kneller's understanding, based on multiple assurances from Zaragoza, that there was no need for Kneller to attend the hearing or hire an attorney.

On December 14, 2021, the trial court entered default judgment in favor of Liora Tech and against Respondents in the amount of $133,500. The default judgment was mailed to Kneller's previous Florida residence and forwarded to his correct residence, where he received it in late December 2021. Upon receipt of the default judgment, Respondents promptly engaged Missouri counsel. On January 4, 2022, Respondents timely filed their motion to set aside the default judgment based on meritorious defenses and for good cause shown pursuant to Rule 74.05(d).[1] The motion and associated pleadings were supported by affidavits from Kneller and Clark, and attached Liora Tech's monthly invoices as exhibits.

On February 22, 2022, after a hearing on the matter, the trial court entered its order granting Respondents' motion to set aside the default judgment. On June 1, 2022, the trial court entered its order and judgment *nunc pro tunc* denominating its previous order a final judgment.

Liora Tech appeals the trial court's judgment setting aside the default judgment. It asserts the trial court abused its discretion in granting the motion because Respondents failed to show good cause for not responding to the lawsuit.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

**Standard of Review**

Appellate courts apply an abuse of discretion standard when reviewing a trial court's grant of a Rule 74.05(d) motion to set aside a default judgment. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). Because we favor trials on the merits, we afford trial courts broad discretion to grant motions to set aside default judgments and only narrow discretion to deny them. *Id.* at 687; *see also Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 791 (Mo. App. S.D. 2006) ("Thus, appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief. This is because of the law's distaste for default judgments and its preference for trials on the merits." (internal quotations and citations omitted)).

Such deference has been afforded whether the Rule 74.05(d) motion is supported by affidavits and exhibits or by live testimony. *Brungard*, 240 S.W.3d at 687; *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 542 (Mo. App. E.D. 2001) (applying abuse of discretion standard where Rule 74.05(d) motion was supported solely by affidavit).[2] When reviewing a trial court's determination of good cause shown under Rule 74.05(d), we view the evidence in the light most favorable to the ruling and consider only whether there was a sufficient factual basis for the trial court's determination under the totality of the circumstances. *Solomon*, 640 S.W.3d at 478; *Piva v. Piva,* 610 S.W.3d 395, 401 (Mo. App. E.D. 2020).

**Discussion**

Liora Tech argues the trial court abused its discretion in finding good cause to set aside the default judgment. It maintains that Respondents' reliance on Zaragoza's "lulling" statements

---

[2] A trial court nonetheless is free to disbelieve a moving party's affidavit when deciding whether that party has shown good cause to set aside a default judgment. *Coble v. NCI Bldg. Systems, Inc.*, 378 S.W.3d 443 (Mo. App. W.D. 2012).

4

and failure to respond to the default judgment pleadings or to take any action until after default judgment was entered were at least reckless, not merely mistaken or negligent.

Rule 74.05(d) provides that a default judgment may be set aside upon a motion stating facts constituting a meritorious defense to the lawsuit and upon a showing of good cause for having defaulted. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). Specifically, Rule 74.05(d) provides in pertinent part:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Rule 74.05(d).

The party seeking to set aside the default judgment must produce some evidence, by affidavit, live testimony, or verified motion, supporting Rule 74.05(d)'s meritorious defense and good cause elements. *Plasmeier v. George*, 575 S.W.3d 485, 487 (Mo. App. E.D. 2019). Here, Liora Tech does not dispute Respondents' assertion of a meritorious defense, and challenges solely the trial court's finding of good cause. We therefore consider only whether the trial court abused its discretion in finding good cause.

The plain language of Rule 74.05(d) defining "good cause" is clear: "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." The Supreme Court of Missouri has elaborated that "[g]ood cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *In re Marriage of Callahan*, 277 S.W.3d at 645 (citing *Dozier v. Dozier*, 222 S.W.3d 308, 313 (Mo. App. W.D. 2007)).

5

Here, Respondents' failure to answer Liora Tech's petition demonstrates at most negligent reliance on Zaragoza's lulling statements, not intentional or reckless conduct designed to impede the legal process. The evidence, viewed in the light most favorable to the trial court's ruling, showed that Liora Tech's petition was not served on Kneller in Florida until nearly a month after it was filed in St. Louis County. Upon receiving the petition, Kneller contacted Zaragoza, and Zaragoza assured Kneller he did not need to file a response. They then entered settlement negotiations, which extended for nearly the duration of the case. Leading up to and after the entry of default judgment, Liora Tech persisted in sending UMN monthly invoices. And Zaragoza reassured Kneller that he was not pursuing the lawsuit.

In the meantime, Zaragoza and Liora Tech not only were pursuing the lawsuit, they sought default judgment against Kneller and UMN. Though the initial default judgment pleadings were mailed to Respondents in Florida, the record is silent on when they were received. In any event, after Kneller informed Clark of the lawsuit on December 3, 2021, they immediately attempted to contact Liora Tech's counsel and attend the hearing.

In sum, Respondents' failure to answer the petition may be attributed to the delays in serving Kneller at his Florida residence, Zaragoza's repeated lulling statements, the pending settlement negotiations, and Liora Tech's issuance of monthly invoices.

Zaragoza's lulling statements and the like do not account, however, for Respondents' inertia after Kneller and Clark realized the urgency of the matter and unsuccessfully attempted to log on to the hearing on December 3, 2021. That said, the default judgment followed just eleven days later, on December 14, 2021. Respondents did not receive the default judgment until late December 2021 because it was mailed to the wrong Florida residence and had to be forwarded to Kneller's current residence. Upon receipt of the default judgment, Respondents promptly

6

retained counsel in Missouri. Just a few days later, on January 4, 2022, Missouri counsel timely filed Respondents' motion to set aside the default judgment with supporting affidavits and exhibits. While Respondents concededly did not respond to the lawsuit in the days immediately following December 3, 2021, the trial court did not abuse its discretion in concluding, from these facts, that their conduct was not intentionally or recklessly designed to impede the judicial process. *See* Rule 74.05(d).

Liora Tech insists that Respondents' conduct was at least reckless and directs us to *Vogel v. Schoenberg*, 620 S.W.3d 106 (Mo. App. W.D. 2021). But *Vogel* is distinguishable. There, Schoenberg, the defendant against whom default judgment was entered, took no action in response to a lawsuit that was pending for more than a year and culminated in a trial. *Id.* at 109-10, 112. In his Rule 74.05(d) motion and affidavit, Schoenberg admitted he "did nothing further" after one of his co-defendants represented he would "handle the claims" for him. *Id.* at 110, 112. The trial court recognized its discretion to disbelieve Schoenberg's affidavit and concluded he failed to show good cause for not participating in the lawsuit for more than a year. *Id.* at 110-11, 112. The trial court thus denied Schoenberg's motion to set aside the default judgment, and the Western District of this Court found no abuse of discretion. *Id.* at 114.

In this case, unlike *Vogel*, Respondents did not do nothing. Kneller contacted Zaragoza and they engaged in protracted settlement negotiations. Also unlike *Vogel*, Zaragoza, the owner of plaintiff Liora Tech and proponent of the lawsuit, repeatedly assured Kneller he was not pursuing his lawsuit and there was no need for Kneller to respond to it. Another important distinction, considering our standard of review, is that the trial court here credited Respondents' motion and affidavits and exercised its broad discretion to grant Respondents' motion in the first instance.

We find more persuasive this Court's decision in *Piva*, 610 S.W.3d at 401. There, the record showed at most negligent reliance by the defendant on the plaintiff's representations that he was not pursuing his lawsuit. *Id.* After learning of the default judgment, the defendant, who resided in Hawaii, retained counsel in Missouri. Missouri counsel then drafted and filed the defendant's motion to set aside the default judgment with attached affidavit (albeit out of time, unlike Respondents' motion here). *Id.* at 402. Finally, as is the case here, the *Piva* trial court credited the defendant's affidavit and exercised its broad discretion to set aside the default judgment. *Id.* at 398, 401.

We do not suggest Respondents' conduct is a model for future litigants. We decide only that a sufficient factual basis existed for the trial court's finding of good cause, that is, that Respondents' conduct was not intentionally or recklessly designed to impede the judicial process pursuant to Rule 74.05(d). *See Piva*, 610 S.W.3d at 401. The trial court did not abuse its broad discretion in granting Respondents' motion to set aside the default judgment.[3]

### Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

---

[3] Respondents filed a motion to strike portions of Liora Tech's appellate brief as argumentative and for failing to cite to the record. The motion was taken with the case. Given that we affirm the trial court's judgment, we deny the motion as moot.